CHARLES YORK AND NETTIE YORK, TONI LAND COMPANY, INC.
*v.* ELSIE M. MILLER, EXECUTRIX OF THE ESTATE OF
CURTIS MILLER, DECEASED.

[No. 1-974A139.  Filed December 30, 1975.]

*Forrest H. Lanning,* of Jeffersonville, for appellants.

*Delson Cox, Jr.,* of Salem, for appellee.

ROBERTSON, C.J.—The defendants-appellants, Yorks, are appealing from the denial of their motion (filed pursuant to Ind. Rules of Procedure, Trial Rule 60(B) to relieve them from a default judgment and subsequent sheriff's sale of their real estate. The judgment and sale resulted from the foreclosure of a mechanic's lien held by the plaintiff-appellee, Miller.[1]

Finding no reversible error, we affirm the trial court's decision.

The facts are that in early January, 1971, Miller recorded a mechanic's lien against the Yorks' real estate for construction materials furnished for their residence. A year later a foreclosure suit was commenced with the sheriff serving the Yorks. On the 29th of June, 1973, the Yorks were

---

1. The Toni Land Company, Inc., is not a party to this appeal.

defaulted with judgment and a decree of foreclosure entered in Miller's favor. After notice by publication the sheriff sold the real estate at auction on the 23rd of March, 1974.

On the 14th of May, 1974, the Yorks filed for a stay of execution and the TR. 60 (B) motion for relief from judgment. Both were subsequently denied. At the same time several of the Yorks' judgment creditors petitioned to intervene and asked to be included in the distribution of the proceeds from the sale. After a series of hearings running into September of 1974, the trial court took the matter under advisement.

On July 31, 1974, the Yorks filed a motion to correct errors predicated upon the denial of their TR. 60 (B) motion. The motion to correct errors was denied on the 16th of September, 1974, with this appeal resulting.

Additionally, the trial court entered judgment on the 10th of December, 1974, for the judgment creditors and ordered distribution of the sales proceeds to them as their respective interests appeared.

The Yorks' motion to correct errors and the arguments presented in their brief can be divided into three general categories which attack (a) the judgment, (b) the sheriff's sale, and (c) the intervention of the judgment creditors.

TR. 60 (B) (2) is the more applicable section of the rule to the Yorks' allegations asserting a claim for relief from the judgment. That section allows relief for:

> "any ground for a motion to correct errors, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;"

Remembering that the Yorks' TR. 60 (B) motion was filed about ten months after judgment and therefore substantially late insofar as a motion to correct errors is concerned, we are of the opinion that the trial court did not err in ruling as it did. The record is bare of allegations or proof of the exercise of due diligence by the

Yorks in discovering and attacking alleged errors which could have been "any grounds for a motion to correct errors". In fact, the contrary could be inferred.

A TR. 60(B) motion is not a substitute for an appeal, nor can it be used to revive an expired attempt to appeal. *See: Warner* v. *Young America Volunteer Fire Department* (1975), 164 Ind. App. 140, 326 N.E.2d 831 and authorities cited therein. Accordingly, we find that the Yorks' failure to bring themselves within the purview of TR. 60(B)(2) terminates those issues arising from the judgment.

Similarly, we are at a loss in understanding how the judgment of the trial court in favor of the intervening judgment creditors on the 10th of December, 1974, can be appealed by a motion to correct errors which was filed on the 31st of July, 1974, in the absence of compliance with AP. 7.2(A)(1). *See: Inkoff* v. *Inkoff* (1974), 159 Ind. App. 239, 306 N.E.2d 132.

Prefacing any discussion regarding the alleged errors of the sheriff's sale is the statement that this court does not weigh the evidence nor determine the credibility of the witnesses. The Yorks must make an affirmative showing that reasonable men could not have arrived at the same judgment reached by the trial court. *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573. This they have failed to do.

The essence of the three errors directed to the sheriff's sale is that too much of the property was sold, that it was not sold in tracts, and that the amount received for the property was grossly inadequate.

There is no evidence to show the sheriff deviated from the court's order directing the property to be sold. The sheriff testified that none of the bidders present during the day had any interest in buying separate tracts of the property ordered to be sold. Mr. York testified

he thought the property was worth from $80,000 to $85,000. The sheriff testified that a total of ten bids were given in the sale with the property finally selling for $20,000. The title search, shown to prospective bidders, shows numerous judgments and tax liens against the property. We are of the opinion that the end result of the foregoing gives a solid foundation for the trial court's ruling against the Yorks for the reason that evidence regarding the value of the property was conflicting at best.

Moreover, TR. 69 (C) and IC 1971, 32-8-16-4, the authorities relied upon by the Yorks for the proposition that the trial court could have ordered the property sold in parcels, does not *require* selling by parcels.

The final issue argued by the Yorks' appears to be formulated on TR. 60 (B) (3) which allows relief from a judgment or order founded upon fraud, misrepresentation, or other misconduct of the adverse party. The factual basis for this issue is that York offered Miller a mortgage on the property but was refused. On the morning of the sheriff's sale, York offered Miller's attorney $5,000 for satisfaction of the judgment which York apparently felt had been accepted. However, Miller, later the same day, said $6,500 would be necessary for settlement.

A TR. 60 (B) (3) motion is addressed to the sound discretion of the trial court. *McPharland* v. *Phend & Brown, Inc.* (1974), 161 Ind. App. 695, 317 N.E.2d 460. The Yorks have not demonstrated, in our opinion, any abuse of discretion by the trial court in denying them relief based upon this issue. The record does not reveal the kind of agreement, if any, between Miller's attorney and York on the morning of the sheriff sale. We cannot say as a matter of law, therefore, that any of the three grounds for relief exist in this case.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 339 N.E.2d 93.