DONALD K. IRMIGER *v.* MARY B. IRMIGER.

[No. 2-975A259. Filed July 12, 1977.]

*Donald L. Adams, Adams & Commons,* of Indianapolis, for appellant.

*Maurice R. Petit, Petit, Jones & Caldwell,* of Indianapolis, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

This is an appeal from the trial court's denial of respondent-appellant Donald K. Irmiger's motion for relief from judgment.

## FACTS

Petitioner-appellee Mary B. Irmiger filed a petition with the trial court for the dissolution of her marriage to respondent-appellant Donald K. Irmiger (Donald). The court set December 10, 1974 as the date for trial. On the day of the trial neither Donald nor his attorney was present. In Donald's absence the court proceeded with the trial. Evidence was presented by Mary, and a judgment dissolving the marriage and adjudicating the parties' respective interests in that marriage was rendered.

On January 22, 1975 Donald filed a motion to correct errors supported by affidavits pursuant to Ind. Rules of Procedure, Trial Rule 59. That motion was overruled by the court on February 5, 1975.

On February 26, 1975 Donald filed a motion for relief from judgment supported by affidavits pursuant to Ind. Rules of Procedure, Trial Rule 60 (B) and 60 (D). The trial court overruled this motion on June 6, 1975.

On June 19, 1975 Donald filed another motion to correct errors. This motion was directed at the court's overruling of Donald's motion for relief from judgment. The court overruled this second motion to correct errors on June 11, 1975.

Donald filed his praecipe for the transcript for appeal on July 24, 1975. The transcript was filed with this court on September 29, 1975.

## ISSUES

Donald has presented two issues to this court for review. However, Mary contends that because Donald failed to perfect an appeal from his original motion to correct errors, he has waived all of the allegations of error which he raised or could have raised in that original motion. She contends that because no issues have been properly preserved for review by this court this appeal must be dismissed. We agree.

## DISCUSSION AND DECISION

The jurisdictional question which has been raised in this appeal is almost identical to that which was before this court in *Warner* v. *Young America Volunteer Fire Dept.* (1975), 164 Ind. App. 140, 326 N.E.2d 831; the procedural steps taken in that case were summarized on page 833 as follows:

". . . The record of the proceedings discloses the following sequence of events:

7-27-73: Judgment entered for plaintiff
9-25-73: Motion to Correct Errors filed by defendant
10-16-73: Motion to Correct Errors overruled
11-7-73: Praecipe filed.

No appeal was perfected from the overruling of this original Motion to Correct Errors. Some five months later, defendant filed in the trial court a motion for relief from judgment

pursuant to Rule TR. 60. The sequence of events following the filing of this motion was as follows:

3-4-75: Motion for Relief from Judgment filed by defendant

3-4-75: Motion overruled

5-3-75: Motion to Correct Errors filed

5-6-75: Motion to Correct Errors overruled

6-4-75: Praecipe filed

8-5-75: Appeal perfected in the Court of Appeals by filing the record of the proceedings."

After consulting several federal cases the court in *Warner, supra,* on page 835 stated:

"This sampling of cases covering the span of twenty-two years clearly shows that the intent of the federal courts as expressed in the cases interpreting their Rule 60(b) is, that if one intends to appeal a judgment, he must do so within the time allowed. One cannot sit idly by and let the time for appeal elapse, thereafter file a 60(b) motion and thereby revive his expired remedy of appeal. This is reasonable and logical, and we believe we should so interpret our Rule TR. 60(B).

Having arrived at this point, we again examine the appellant's Motion for Relief from Judgment, and we hold that *all of those allegations of that motion which are duplications of the allegations contained in the original Motion to Correct Errors are waived* because of appellant's failure to perfect his appeal from the deniel of the original Motion to Correct Errors."

In the case at bar Donald failed to perfect his appeal by filing his praecipe within 30 days and by filing the transcript of the proceedings within 90 days of the trial court's ruling on his original motion to correct errors. His subsequent motion for relief from judgment was ineffective in preserving those issues which were or could have been raised in his original motion to correct errors because such motion for relief from judgment was an attempt on Donald's part to revive certain issues after the time to perfect his appeal, the only means by which the trial court's rulings on those issues could have been reviewed at that time, had passed.

Donald contends that the trial court's denial of his motion for relief from judgment was a final judgment to which a motion to correct errors can be addressed and from which an appeal can be taken. It is correct that the denial of a motion for relief from judgment is a final judgment from which an appeal can be taken.[1] However, where the allegations of error raised in that motion have been or could have been raised in a previous motion to correct errors[2] or have been raised in a previous motion for relief from judgment,[3] then those errors are waived and cannot be alleged on appeal.

Donald admits that he raised no new allegations of error in his motion for relief from judgment. But he asserts that his allegation that he and his attorney were victims of surprise and/or guilty of excusable neglect was not properly includable in his motion to correct errors. He contends that surprise and excusable neglect are not among the reasons enumerated in TR. 59 for which relief under that rule can be granted. We do not agree.

TR. 59(A)(9) is a "catch all" provision which would include the grounds which Donald asserted in his motion for relief from judgment. TR. 59(A)(9) provides:

"The Court . . . shall enter an order for the correction of errors . . ., including . . . the following:
". . . (9) *For any reason allowed by these rules*, statute or other law." (Our emphasis)

Therefore, any error, for which a judgment can be vacated or modified under TR. 60, is properly includable in a motion to correct errors.

For the reason that Donald failed to perfect an appeal from his original motion to correct errors, each error which he raised or could have raised in that motion was waived, and because he failed to assert any new errors in his motion for

1. See *Hooker v. Terre Haute Gas Corporation* (1974), 162 Ind. App. 43, 317 N.E.2d 878.

2. See *Warner, supra.*

3. See *Hooker, supra.*

relief from judgment, no error has been preserved for review by this court.

Appeal dismissed.

Robertson, C.J., concurs; Garrard, J., participating by designation, concurs with opinion.

## CONCURRING OPINION

GARRARD, J.—This case discloses another of the potential quandaries existing in the outer reaches of Indiana Rules of Procedure, Trial Rules 59 and 60 where potential overlaps, the time for commencing an appeal, and the requirement that a TR. 59 motion follow the ruling on a TR. 60 motion create procedural pitfalls that any counsel will find difficult to avoid.

I agree, however, that in this proceeding the dilemma is solved with certainty. The basis for the relief subsequently requested under the TR. 60(B) motion was identical to the basis for relief requested in the original TR. 59 motion. No appeal was taken from the denial of the original TR. 59 motion. The appellant is bound by the "waiver" thus effected and was correctly precluded from his attempt to relitigate the error through TR. 60(B). *See, Warner* v. *Young America Vol. Fire Dept.* (1975), 164 Ind. App. 140, 326 N.E.2d 831.

NOTE.—Reported at 364 N.E.2d 778.