WALTER ELWOOD TOLLER *v.* STARLING JEAN TOLLER

[No. 1-777A142. Filed May 3, 1978.]

---

*David H. Coleman*, of Danville, for appellant.

*Robert E. Stewart*, of Danville, for appellee.

LYBROOK, P.J.—Respondent-appellant Walter Elwood Toller (Walter Sr.) brings this appeal from the judgment of the trial court granting a dissolution of his marriage with petitioner-appellee Starling Jean Toller (Starling) and ordering Walter Sr. to pay support for their son, Walter Elwood Toller, Jr. (Walter Jr.). Walter Sr. has raised the following issues in his motion to correct errors:

(1) The overruling of Walter Sr.'s motion for relief from judgment is contrary to law, and an abuse of discretion.

(2) The trial court was without jurisdiction to order child support in this case.

(3) The trial court was without jurisdiction to establish paternity and abused its discretion in finding that Walter Sr. was the father of Walter Jr.

(4) There was insufficient evidence to support a finding that the child was an issue of the marriage of the parties.

The evidence most favorable to Starling shows that on June 30, 1972 her first husband, Richard Gilberch, filed a complaint against her for an absolute divorce, alleging that Starling was pregnant by another man. The date of the final divorce decree does not appear in the record before us. This child was born on November 27, 1972, and was named Walter

Elwood Toller, Jr. Walter Sr. and Starling were then married on January 30, 1973.

Starling filed her petition for dissolution of her marriage with Walter Sr. on August 6, 1974. Summons was issued and duly served upon Walter Sr. This petition alleged that there was one child, Walter Jr., born as a result of this marriage. Starling also moved for an order granting temporary support for Walter Jr. After a hearing at which Walter Sr. was present, the support order was granted by the court. There is nothing in the record to indicate that Walter Sr. at any time objected to the support order and there is likewise nothing to indicate that Walter Sr. ever denied that he was the father of Walter Jr. or even attempted at that time to raise any issue as to paternity.

The final hearing on the dissolution petition was held on November 21, 1974. Walter Sr. did not appear at this hearing. The trial court granted the dissolution, awarded custody of the child to Starling, and ordered Walter Sr. to pay child support. On December 1, 1976, over two years from the date of the dissolution, Walter Sr. filed a motion for relief from judgment under Indiana Rules of Procedure, Trial Rule 60(B)(8). This motion was denied by the trial court. Walter Sr. now appeals from a denial of his motion to correct errors.

A motion for relief from judgment under TR. 60(B) is addressed to the equitable discretion of the trial court. *Crown Aluminum v. Wabash Co.* (1977), 174 Ind. App. 659, 369 N.E.2d 945. A motion under TR. 60(B)(8) must also be filed within a reasonable time after the entry of judgment. *Logal v. Cruse* (1977), 267 Ind. 83, 368 N.E.2d 235. Further, TR. 60 motion is not a substitute for a direct appeal based on a timely motion to correct errors under TR. 59. *Irmiger v. Irmiger* (1977), 173 Ind. App. 519, 364 N.E.2d 778.

In this case, a period of over two years elapsed between the entry of judgment and the filing of Walter Sr.'s TR. 60(B) motion. The meager evidence in this case also shows that Walter Sr. had been remarried for at least a year before the hearing on his motion, which supports the inference that he was aware of the judgment in Starling's dissolution suit. We hold, therefore, that Walter Sr. has failed to show any abuse of discretion by the trial court, that he did not file his TR. 60(B) motion

within a reasonable time, and further, with the exception of his jurisdictional issues, that he has waived his errors by failing to file a timely motion to correct errors under TR. 59.[1]

Walter Sr. argues that the Hendricks Superior Court did not have jurisdiction to establish paternity as such jurisdiction is vested exclusively in the Hendricks Circuit Court. IC 1971, 33-5-25-5.

We will agree that had a genuine issue as to the paternity of Walter Jr. been raised, the Hendricks Superior Court might have been without jurisdiction to decide that question. A.___ B.___ v. C.___ D.___ (1971), 150 Ind. App. 535, 277 N.E.2d 599; *Profitt v. Profitt* (1965), 137 Ind. App. 6, 204 N.E.2d 660. However, no such issue was ever raised in the proceedings at trial. The pleadings and all the evidence in this case showed that both Walter Sr. and Starling considered themselves to be the natural parents of Walter Jr. Therefore, the trial court was not without jurisdiction to enter an order for support. IC 1971, 31-1-11.5-12; IC 1971, 31-1-11.5-2(c).

Walter Sr. also argues that the trial court was without jurisdiction to order support for a stepchild. However, this is at most an error by the trial court in the application of law rather than an attack on the subject matter jurisdiction of the court, and is therefore subject to waiver. *Sheraton Corp. of America v. Korte Paper Co.* (1977), 173 Ind. App. 407, 363 N.E.2d 1263. We hold, therefore, that this issue has been waived for the reasons cited above.

Judgment affirmed.

Robertson and Lowdermilk, JJ., concur.

NOTE—Reported at 375 N.E.2d 263.

---

1. As a general rule, an allegation of complete lack of subject matter jurisdiction, apparent from the face of the record, may be raised at any time. *Deremiah v. Powers-Thompson Construction Co.* (1955), 125 Ind. App. 662, 129 N.E.2d 425.