Donald E. **SNIDER** and Margaret F. Snider, Appellants (Defendants and Third–Party Plaintiffs Below),

v.

Clyde R. **GADDIS** and Irene Gaddis, Appellees (Plaintiffs Below),

v.

Jesse **BROADSTREET** a/k/a Alfred Broadstreet (Third–Party Defendants Below).

No. 1–780A167.

Court of Appeals of Indiana, First District.

Dec. 15, 1980.
Rehearing Denied Jan. 23, 1981.

Robertson, P. J., dissented with opinion.

Jamie L. Weinberg, Legal Services Organization of Ind. Inc., Bloomington, for appellants.

George W. Languell, Spencer, for appellees.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Donald E. and Margaret F. Snider (Sniders) appeal the decision of the trial court which granted plaintiffs–appellees', Clyde R. and Irene Gaddis' (Gaddises') motion for relief from judgment under Ind. Rules of Procedure, Trial Rule 60(B)(8).

We reverse.

### STATEMENT OF THE FACTS

The facts are not in dispute. Gaddises filed a complaint in ejectment and damages on June 9, 1977. The complaint alleged the Gaddises were the owners in fee of certain real estate. Sniders denied the allegations in the complaint and counterclaimed for a judgment declaring them to be the owners in fee simple. Sniders also filed a third party complaint alleging that the third party defendant had conveyed title to the real estate to them prior to conveying title to Gaddises. The trial court entered judgment on May 12, 1978, declaring Sniders to be the owners in fee simple. No motion to correct

errors was filed and no appeal was taken from this judgment.

Sniders filed a motion to correct judgment pursuant to Ind. Rules of Procedure, Trial Rule 60(A) on August 7, 1978, to correct a typographical error in the description of the real estate. The motion was granted that same day. On October 23, 1979, Gaddises filed a motion for relief from the judgments of May 12, and August 7, 1978. Gaddises, who had retained new counsel for this motion, requested the trial court modify its judgment to show that Sniders owned a limited life estate in the real estate described rather than a fee simple interest. On December 6, 1979, the trial court set aside the judgment entered on May 12, 1978, and found for the Gaddises on their complaint and declared them to be the fee simple owners of the real estate. Donald E. Snider was given a limited life estate based on an "Agreement" executed June 12, 1950, and recorded on July 25, 1967. It is from this order that Sniders appeal.

Sniders contend that the trial court abused its discretion by granting Gaddises relief under either subpart (A) or (B) of T.R. 60. As Gaddises concede T.R. 60(A) is not applicable, we proceed to the merits of Sniders' T.R. 60(B) contention.

## STATEMENT OF ISSUES

The only issue presented for our decision in this case is whether or not the trial court abused its discretion in granting the T.R. 60(B)(8) motion for relief from judgment.

## DISCUSSION AND DECISION

Trial Rule 60(B) provides eight clauses under which relief can be granted. The first four clauses of (B) are clearly not applicable as this action was commenced more than one year after the judgment was entered. Additionally, clauses (5), (6) and (7) have not been argued and are inappropriate nevertheless. Therefore, only clause (8) can serve as a basis for relief. Trial Rule 60(B)(8) allows a court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." The one year time limit

is not applicable to clause (B), the only requirement being that the action be brought within a reasonable time.

The question in this case is whether it was appropriate to grant a T.R. 60(B)(8) motion for the purpose of correcting an allegedly erroneous decision on the evidence when no motion to correct errors was filed and no appeal taken.

■ It is firmly established that a motion for relief from judgment under T.R. 60(B) may not be used as a substitute for a direct appeal based upon a timely motion to correct errors under Ind. Rules of Procedure, Trial Rule 59. *Toller v. Toller*, (1978) Ind.App., 375 N.E.2d 263; *In re Marriage of Robbins*, (1976) 171 Ind.App. 509, 358 N.E.2d 153; *York v. Miller*, (1975) 167 Ind. App. 444, 339 N.E.2d 93; *Moe v. Koe*, (1975) 165 Ind.App. 98, 330 N.E.2d 761; *Warner v. Young America Volunteer Fire Dept.*, (1975) 164 Ind.App. 140, 326 N.E.2d 831. Neither can a T.R. 60(B) motion be employed to revive an expired attempt to appeal. *York v. Miller, supra.* The proper function of T.R. 60(B) is to afford relief from circumstances which could not have been discovered during the sixty day period in which a T.R. 59 motion to correct errors could have been filed with the trial court. *In re Marriage of Robbins, supra.*

In *Irmiger v. Irmiger*, (1977) 173 Ind.App. 519, 364 N.E.2d 778, the appellant Donald Irmiger filed a motion to correct errors under T.R. 59. However, he did not perfect his appeal by filing a praecipe within thirty days of the overruling of his motion to correct errors, and did not file a transcript of the proceedings within the time provided by the appellate rules. Donald thereafter filed a motion for relief from judgment under T.R. 60 asserting the same issues as his T.R. 59 motion. His T.R. 60 motion being denied, Donald filed a motion to correct errors and then appealed. This court, in an opinion by Judge Lowdermilk, dismissed the appeal saying:

"In the case at bar Donald failed to perfect his appeal . . . . His subsequent motion for relief from judgment was in-

effective in preserving those issues which were or could have been raised in his original motion to correct errors because such motion for relief from judgment was an attempt on Donald's part to revive certain issues after the time to perfect his appeal, the only means by which the trial court's rulings on those issues could have been reviewed at that time, had passed.

"Donald contends that the trial court's denial of his motion for relief from judgment was a final judgment to which a motion to correct errors can be addressed and from which an appeal can be taken. It is correct that the denial of a motion for relief from judgment is a final judgment from which an appeal can be taken. However, where the allegations of error raised in that motion have been or could have been raised in a previous motion to correct errors or have been raised in a previous motion for relief from judgment, then those errors are waived and cannot be alleged on appeal." (Footnotes omitted.)

364 N.E.2d at 780.

In *Warner v. Young America Volunteer Fire Dept., supra,* this court stated the rule that a T.R. 60(B) motion may not be used as a substitute for a timely appeal and held that the use of a T.R. 60 motion to raise errors which could have been asserted by a motion to correct errors is limited to those not discoverable in time to be raised in a T.R. 59 motion to correct errors. This court stated at 326 N.E.2d 834–35:

"Rule TR. 60 permits an attack on a judgment by motion, and an appeal following the ruling on the motion. However, the relief afforded by Section B of this rule is not a substitute for a timely appeal. Our research does not disclose an Indiana case so holding, but the language of the rule itself indicates such an intention. Subsection (2) of Section (B) provides:

'(2) any ground for a motion to correct error, including without limitation newly discovered evidence, *which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59,'* ([Original] emphasis)

"Dean Harvey also points out that the right to raise errors which could be raised by a motion to correct errors is limited to errors which could not have been discovered in time for a motion to correct errors under Rule 59.

"Appellant Warner did not allege any facts in his Motion for Relief from Judgment which would entitle him to relief under TR. 60(B) subsections (1), (3), (4), or (5). Because he did not allege that the four new allegations of his Motion for Relief from Judgment could not have been discovered in time to move for a motion to correct errors under Rule 59, he cannot obtain relief under subsection (2). This leaves for our consideration subsections (6) (judgment is void), that part of subsection (7) which reads 'it is no longer equitable that the judgment should have prospective application,' and subsection (8) (any other reason justifying relief from the operation of the judgment).

"Clause (6) of the federal rule 60(b) is the same as subsection (8) of Indiana TR. 60(B). The federal courts have held that relief under Rule 60(b)(6) is not a substitute for an appeal. In Wright and Miller, Federal Practice and Procedure, Vol. 11, § 2864, pp. 214 and 215, the authors state:

'The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he had made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use his motion to remedy a failure to take an appeal. However, this is not an inflexible rule *and in unusual cases* a party who has not taken an appeal may obtain relief on motion.' ([Original] emphasis)

"There are numerous federal decisions interpreting federal Rule 60(b)(6). The common thread running through these decisions is that Rule 60(b)(6) affords a means for extraordinary relief, to be granted at the discretion of the court only upon a showing of exceptional cir-

cumstances, and that the remedy thus afforded is not a substitute for an appeal, nor can it be used to revive the right to an appeal after the time for appeal has expired.

"See: *Expeditions Unlim. Aquatic Ent., Inc. v. Smithsonian Inst.,* 163 U.S. App.D.C. 140, 500 F.2d 808, 809 (1974); *Horace v. St. Louis Southwestern Railroad Company,* 8 Cir., 489 F.2d 632, 633 (1974); *Lubben v. Selective Service System Local Bd. No. 27,* 1 Cir., 453 F.2d 645, 651 (1972); *Martella v. Marine Cooks and Stewards Union, Seafarers, Int'l Union of North America, AFL–CIO,* 9 Cir., 448 F.2d 729 (1971); *Demers v. Brown,* 1 Cir., 343 F.2d 427 (1965); *Swam v. United States,* 7 Cir., 327 F.2d 431 (1964); *Wagner v. United States,* 2 Cir., 316 F.2d 871 (1963); *Flett v. W. A. Alexander & Company,* 7 Cir., 302 F.2d 321 (1962); *Morse–Starrett Products Co. v. Steccone,* 9 Cir., 205 F.2d 244 (1953).

"This sampling of cases covering the span of twenty–two years clearly shows that the intent of the federal courts as expressed in the cases interpreting their Rule 60(b) is, that if one intends to appeal a judgment, he must do so within the time allowed. One cannot sit idly by and let the time for appeal elapse, thereafter file a 60(b) motion and thereby revive his expired remedy of appeal. This is reasonable and logical, and we believe we should so interpret our Rule TR. 60(B).

"Having arrived at this point, we again examine the appellant's Motion for Relief from Judgment, and we hold that all of those allegations of that motion which are duplications of the allegations contained in the original Motion to Correct Errors are waived because of appellant's failure to perfect his appeal from the denial of the original Motion to Correct Errors."

■ Thus, it seems clear that any matter which was known to or discoverable by a party within the period when a timely motion to correct errors could have been filed must be raised in a motion to correct errors under T.R. 59 and made the subject of a proper and timely appeal if appellate review is to be had. Any such issue which was raised by, or could have been raised by a timely motion to correct errors and a timely direct appeal may not be the subject of a motion for relief from judgment under T.R. 60.[1]

---

1. In *Covalt v. Covalt,* (1976) 171 Ind.App. 37, 354 N.E.2d 766, some seventy–six (76) days after entry of a judgment of dissolution of marriage, the wife (Karen) filed a motion under T.R. 60(B)(8). The trial court granted the motion and entered a judgment amending its decree by granting Karen the sum of $5,000. This court reversed basing its decision solely on the provisions of the Indiana Dissolution of Marriage Act. However, Judge Buchanan, the writing judge, stated in footnote 3, 354 N.E.2d at 768–69:

"3. The writer of this opinion would also reverse the trial court's judgment because there is no indication in the record that Karen, the appellee, could not have discovered the error on which she relied in her TR. 60(B)(8) motion within the sixty (60) day period, so as to have timely filed a Motion to Correct Errors as required by TR. 59. . . .

"My rationale for reversal on this ground is that from aught that appears in the record Karen *could* have filed a Motion to Correct Errors within the required sixty (60) day period, and the burden should be on the party seeking the extraordinary relief of TR. 60 to demonstrate adequate cause for not fulfilling the 'condition to appeal' by filing a Motion to Correct Errors . . . a jurisdictional requirement of which we will take notice sua sponte. In effect Karen has used TR. 60 as 'a vehicle to avoid normal appeal procedures.' *Moe v. Koe* (1975), Ind.App., 330 N.E.2d 761, 765. See also *Warner v. Young America Volunteer Fire Dept.* (1975), Ind.App., 326 N.E.2d 831.

"The danger of such a circumlocution is recognized by Dean Harvey and Professor Townsend:

"The right to raise errors which could be raised by a motion to correct errors is limited to errors which could not have been discovered in time for a motion to correct errors, under Rule 59.'
4 W. Harvey & R. Townsend, Indiana Practice § 60.23(5)(d), at 222 (1971).

. . . . .

"Once the Motion to Correct Errors is accepted as the keystone of the arch of appellate review, its relation to TR. 60 is relatively easy. TR. 60 is expected to provide extraordinary relief of an equitable nature *after* the passage of the 60 day period within which to file a Motion to Correct Errors. . . .

"Thus, it seems an inevitable conclusion that TR. 60 relief cannot be resorted to unless

With the foregoing rules in mind the T.R. 60(B)[2] motion filed in this case must be examined. It is readily apparent from a reading of Gaddises' motion for relief from judgment that no new issues are raised. Rather, the essence of the motion is that based upon the facts as shown at the original trial,[3] the decision of the court was erroneous. Such a contention under the authorities cited in this opinion could be raised only by a timely motion to correct errors pursuant to T.R. 59. It is obvious that a claim of error based on the facts of the case revealed at trial is predicated upon matters which were known to Gaddises within the time to file a T.R. 59 motion to correct errors. Consequently, there is no showing of any exceptional circumstances justifying extraordinary relief.

We agree that the granting of a T.R. 60 motion for relief of judgment is reviewable only for an abuse of discretion since such a motion is addressed to the equitable discretion of the court. *In re Marriage of Jones*, (1979) Ind.App., 389 N.E.2d 338. However, the movant in such a case carries the burden of affirmatively establishing a right to relief. *Id.* The cases previously cited demonstrate that in order to sustain that burden, the movant must clearly establish that it was not possible to raise the claimed error by a timely T.R. 59 motion to correct errors. This burden has not been met in this case. The motion merely asserted that the judgment was er-roneous. Neither allegation nor proof of any exceptional circumstances which were not known in time to have been included in a timely motion to correct errors was made which would justify such extraordinary relief. The trial judge in granting the motion simply reconsidered the trial record, changed his mind, and corrected his judgment.[4] This would have been proper under a T.R. 59 motion to correct errors. It is not a proper basis for a T.R. 60 motion for relief from judgment. The trial judge simply allowed the T.R. 60 motion to be used as a substitute for a T.R. 59 motion. The Gaddises sought to revive a lost appeal by way of a T.R. 60 motion. This is clearly improper, and for the trial court to allow such use of a T.R. 60 motion in the face of the clear holdings of this court that such is not permissible constitutes an abuse of discretion.

Therefore, we reverse the judgment.

ROBERTSON, P. J., dissents with opinion.

NEAL, J., concurs.

ROBERTSON, Presiding Judge, dissenting.

I respectfully dissent.

Although I agree with the majority opinion with respect to the need to timely file a motion to correct errors and perfect an appeal I believe the intent of Indiana Rules

---

there is a positive showing in the record that a TR. 59 Motion to Correct Errors could not have been filed within the sixty (60) day period. Otherwise chaos will prevail in the appellate process." (Original emphasis.)

We find the reasoning of Judge Buchanan compelling and consistent with the holdings in *Warner v. Young America Volunteer Fire Dept., supra,* and *Irmiger v. Irmiger, supra.*

2. It is clear that the motion here was filed pursuant to T.R. 60(B)(8).

3. No evidence was heard on the motion for relief from judgment. The court heard arguments on questions of law concerning the propriety of the T.R. 60 motion and on the correctness or error of its original judgment.

4. We do not question the trial judge's sincerity of purpose in attempting to correct what he undoubtedly believed to be an erroneous deci-sion. However, well-intentioned his action, we simply do not believe such an option was available to him on the record in this case. Gaddises let their right to file a motion to correct errors and to take a timely direct appeal expire through inaction. They failed to sustain their burden of establishing exceptional circumstances justifying the extraordinary relief of the granting of a T.R. 60 motion. Had they filed a timely motion to correct errors the court could have reconsidered the trial record and if then convinced the judgment was wrong, could have corrected it. They did not file a timely motion to correct errors. They raised no issue which was not known or discoverable by them in time to file a motion to correct errors. Consequently, the court could not take the action taken on the T.R. 60 motion.

of Procedure, Trial Rule 60(B)(8), was to provide an avenue whereby the trial judge in his discretion can vacate a previous judgment in order to achieve justice.

Dean Harvey has characterized Trial Rule 60(B)(8) as a catchall provision allowing the court to vacate a judgment within the residual power of a court of equity to do justice. Further, the provision is to be liberally construed to grant relief to a party on broad equitable grounds, where, under all the circumstances, a need for relief is clearly demonstrated. 4 W. Harvey, Indiana Practice § 60.17 at 215, 216 (1971).

The majority recognizes that a trial court's decision concerning a Trial Rule 60(B) motion can only be reversed for a clear abuse of discretion. Discretion is a privilege accorded a judge within the confines of justice to act in accordance with what is fair and equitable. *State on Relation of Thrasher v. Hayes*, (1978) Ind.App., 378 N.E.2d 924. Such an abuse of discretion has been described as an erroneous conclusion and judgment, clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Campbell v. Campbell*, (1979) Ind.App., 396 N.E.2d 142.

Given the trial court's broad discretion in the matter, specific decisions must turn on the facts of a particular case. The trial judge should be given the requisite latitude to act on such a motion in a liberal fashion with an eye toward doing what is just. The fact that a motion to correct errors was not filed should be a factor for the trial judge to consider when ruling on the Trial Rule 60 motion, but once the trial court's determination is made, this court should not second–guess the decision. Rather, we should look to determine if there is evidence to support the trial judge's action, and if so, it should be affirmed. If, however, the facts of the particular case do not reveal that a just result would be reached, then the granting of the Trial Rule 60 motion, when it is being used as a substitute for a timely appeal, would be an abuse of discretion.

Here, the trial judge recounted the dilemma faced in his prior decision, caused in part by Gaddis's attorney's failure to file findings of fact and conclusions of law as requested by the court. The extraordinary circumstances relied on by the trial judge in granting the motion included the facts that: there was error manifest on the face of the record; the parties would stand in the same position in which they stood immediately prior to the judgment entered on May 12, 1978; correction of the May 12, 1978 judgment would not injure any innocent third parties, and; the administration of justice would be served by the court granting the relief prayed for.

I believe the record reveals a just reason for the trial judge's decision. Hence, under the factors of this case, I would not find his action to be an abuse of discretion. While I recognize the importance of certainty as it relates to the finality of a judgment, I am cognizant that at times, the overriding interest of the administration of justice requires the renewed scrutiny of an action once thought decided. I find that such an interest is served by the trial judge's decision in this case. Therefore, I would not find his actions to be an abuse of discretion and consequently, I would affirm the trial court's judgment.