**James B. MATHIS, Appellant (Defendant Below),**

v.

**Roscoe L. MOREHOUSE, d/b/a Morehouse Construction Co., Appellee (Plaintiff Below).**

No. 2–581A180.

Court of Appeals of Indiana, Second District.

April 8, 1982.

Rehearing Denied May 19, 1982.

John P. Price, Gregory D. Sumner, Bingham, Summers, Welsh & Spilman, John F. McCann, Jr., McCann & Longerger, Indianapolis, for appellant.

J. Michael Antrim, John K. Smeltzer, Church, Roberts & Beerbower, Noblesville, for appellee.

SHIELDS, Judge.

Appellant, James B. Mathis, appeals the denial of his Ind.Rules of Procedure, Trial Rule 60(B) motion to set aside a default judgment. Mathis raises two issues on appeal:

I. Did the trial court err in failing to set aside the default judgment, and

II. Did the trial court err in failing to set aside the damage portion of the judgment.

We affirm.

Morehouse filed his complaint against Mathis on October 3, 1979. An amended complaint was filed November 30, 1979 and was followed by an application for default judgment on February 25, 1980. The origi-

nal hearing date on the application was continued at Mathis' request and, on March 28, 1980, was reset for April 15, 1980. Mathis filed an answer on March 27, 1980, approximately three (3) months late. On April 7, 1980 Mathis filed a pleading entitled "Motion of Defendant to Relieve Defendant and Defendant's Counsel from Default Judgment under T.R. 60(B)." On April 15, 1980 the hearing on the application for default was held. Morehouse appeared at this hearing but Mathis did not. The trial judge granted the default judgment and denied Mathis' "T.R. 60(B)" motion. On May 5, 1980, Mathis filed a second T.R. 60(B) motion. This motion was denied on October 27, 1980. Mathis filed a motion to correct error on December 24, 1980 and it was denied on March 6, 1981. The praecipe was filed March 25, 1981. This appeal followed.

We must affirm the trial court without consideration of the issues raised on appeal. We affirm because any trial court error in denying Mathis' denominated T.R. 60(B) motion was not preserved for appeal.

In *Snider v. Gaddis*, (1980) Ind. App., 413 N.E.2d 322, this court extensively discussed the appropriate distinct functions of Indiana Rules of Procedure, Trial Rules 59 and 60(B).

"It is firmly established that a motion for relief from judgment under T.R. 60(B) may not be used as a substitute for a direct appeal based upon a timely motion to correct errors under Ind.Rules of Procedure, Trial Rule 59. *Toller v. Toller*, (1978) Ind.App., 375 N.E.2d 263; *In re Marriage of Robbins*, (1976) 171 Ind.App. 509, 358 N.E.2d 153; *York v. Miller*, (1975) 167 Ind.App. 444, 339 N.E.2d 93; *Moe v. Koe*, (1975) 165 Ind.App. 98, 330 N.E.2d 761; *Warner v. Young America Volunteer Fire Dept.*, (1975) 164 Ind.App. 140, 326 N.E.2d 831. Neither can a T.R. 60(B) motion be employed to revive an expired attempt to appeal. *York v. Miller, supra*. The proper function of T.R. 60(B) is to afford relief from circumstances which could not have been discovered during the sixty day period in which a

T.R. 59 motion to correct errors could have been filed with the trial court. *In re Marriage of Robbins, supra.*

.    .    .    .    .

"Thus, it seems clear that any matter which was known to or discoverable by a party within the period when a timely motion to correct errors could have been filed must be raised in a motion to correct errors under T.R. 59 and made the subject of a proper and timely appeal if appellate review is to be had. Any such issue which was raised by, or could have been raised by a timely motion to correct errors and a timely direct appeal may not be the subject of a motion for relief from judgment under T.R. 60." (footnote omitted)

413 N.E.2d at 324, 326.

Thus any attack upon any appealable final order or judgment, including a judgment by default, encompassed upon the grounds and bases provided by T.R. 59 and T.R. 60(B)[1] which are discovered or discoverable with due diligence not later than sixty days after the entry of an appealable final order or judgment, including a judgment by default, shall be made by a T.R. 59 motion. No further motion to correct errors is required for an appeal of any error in denying the motion to correct errors. Any attack upon any appealable final order or judgment, including a judgment by default, upon the grounds and bases provided by T.R. 59 and T.R. 60(B) which are neither discovered nor discoverable with due diligence not later than sixty days after the entry of an appealable final order or judgment, including a judgment by default, shall be made by a T.R. 60(B) motion. Any error in denying the T.R. 60(B) motion must thereafter be raised by a timely filed T.R. 59 motion.

We recognize the *Snider* decision was handed down eight (8) months after the trial court entered the subject default judgment. However, the *Snider* decision is a reaffirmance of our earlier decision of *Warner v. Young America Volunteer Fire Dept.*, (1975) 164 Ind.App. 140, 326 N.E.2d 831, which also held the right to attack a judgment by a T.R. 60(B) motion is limited to errors which by due diligence could not have been discovered in time to file a timely T.R. 59 motion to correct errors.

▮ That Mathis filed his denominated T.R. 60(B) motion twenty (20) days after the trial court's judgment attests to the fact the alleged errors were known to him within the period in which a timely motion to correct error could have been filed. T.R. 59(C) (1980). Therefore, his only recourse was to file a T.R. 59 motion to correct error. However, when we treat his denominated T.R. 60(B) motion as a T.R. 59 motion, we find he failed to file a timely praecipe. Ind.Rules of Procedure, Appellate Rule 2(A). Furthermore, Mathis failed to file any motion after the time had expired for a T.R. 59 motion to correct error which alleged any error which was not discovered, or discoverable with due diligence, during the sixty (60) day period for filing a T.R. 59 motion.

Finally, to negate any misunderstanding by the bench or bar, we specifically disapprove *Dawson v. St. Vincent Hospital & Health Center, Inc.*, (1981) Ind.App., 426 N.E.2d 1328, to the extent it holds a T.R. 60(B) motion filed within sixty (60) days of a default judgment is not treated as a T.R. 59 motion if it invokes the equity powers of the trial court.

Judgment affirmed.

BUCHANAN, C. J., concurs.

SULLIVAN, J., dissents, with separate opinion.

SULLIVAN, Justice, dissenting.

I concur insofar as the majority affirms the refusal of the trial court to set aside the default, but I dissent insofar as the decision

---

1. Any ground for a T.R. 60(B) motion not specifically included as the basis for a T.R. 59 motion to correct error is incorporated as a basis by T.R. 59(A)(9). Similarly, T.R. 60(B)(2) incorporates any basis for a T.R. 59 motion to correct error as a ground for relief under T.R. 60(B).

today also affirms the judgment for $33,-428.41 upon a complaint which sought that exact sum.

I agree that application of the rigid rule enunciated in *In re the Marriage of Robbins* (3d Dist. 1976) 171 Ind.App. 509, 358 N.E.2d 153 and *Snider v. Gaddis* (1st Dist. 1980) Ind.App., 413 N.E.2d 322 simplifies resolution of this case. I likewise acknowledge that the divergence and seeming irreconcilability of prior case law dealing with Ind. Rules of Procedure, Trial Rule 59 and Trial Rule 60, for the most part, results from attempts to reach the merits of an appeal (*see In re the Marriage of Robbins, supra*, 358 N.E.2d 153; *Kelly v. Bank of Reynolds* (2d Dist. 1976) 171 Ind.App. 515, 358 N.E.2d 146) rather than to dismiss upon technical grounds which are viewed by us in the clarity and wisdom of hindsight. *See Dawson v. St. Vincent Hospital & Health Care Center, Inc.* (4th Dist. 1981) Ind.App., 426 N.E.2d 1328.

We should not lose sight of the fact that our rules constitute in many respects a morass and a mixture of overlap, insufficiency, inconsistency and incomprehensibility. This has been caused in some measure by the attempted adoption of many or most of the federal rules but thereafter engrafting onto those rules incompatible old Indiana procedures. As adopted, our T.R. 60 was virtually identical to Federal Rules Civ.Proc.R. 60 but the dilemma presented in the Indiana procedure is not present in the federal practice because Federal Rules Civ.Proc.R. 59 is an optional motion which is not required to be filed as a condition precedent to appeal.

Demonstration of this unfortunate situation is found in the catch-all provision of T.R. 60(B)(8) which would appear to permit a T.R. 60 Motion to allege T.R. 59 grounds after the expiration of 60 days. We of course know such not to be the case. We have many times held, as does the majority today, that T.R. 60 may not be used as a substitute for direct appeal.

When T.R. 60 refers to a specific ground for relief not enumerated in T.R. 59, one might assume that counsel could reasonably choose to utilize that procedure. For example, counsel might well choose to utilize a T.R. 60 motion to allege that a judgment was suffered through "mistake" or "excusable neglect," grounds which are not specifically set forth in T.R. 59.

The circumstances in the case before us exemplify the trap which the present rules set for appeals instituted by reasonable procedural methods. Our case does not involve an attempt to revive an appeal which died 60 days following judgment. Rather it involves the filing of a T.R. 60 Motion filed within the 60 day period following the judgment and alleging clear-cut grounds for relief from the damage award pursuant to T.R. 60, i.e. that his appearance at the proceeding during which damages were awarded was prevented by mistake, surprise and excusable neglect. A timely Motion to Correct Errors was filed after denial of the T.R. 60 Motion and a timely praecipe filed after the latter Motion was denied. To the extent therefore that Mathis seeks his day in Court to require plaintiff to establish by evidence entitlement to the unliquidated damages claimed, he does not use T.R. 60 as a substitute for a direct appeal nor does he in this regard attempt to avoid the expiration of 60 days without seeking appropriate relief. While I would adopt the simplified, if not simplistic, procedure set forth by the majority, I would do so only prospectively. My reason for doing so is prompted not only by desire to reach the merits of allegations of error which were fairly and fully presented to the trial court and which are fairly and fully and timely before us, but rather because the trial court itself by its vacillation and its convoluted and indecipherable entries and statements misled the appellant into his Catch 22 position.

The various entries which I consider germane to the matters before us are quoted below in the context of the procedural chronology of the case:

"10/3/79 Complaint filed by plaintiff-appellee, Roscoe L. Morehouse d/b/a Morehouse Construction Co. (Morehouse).

10/17/79 Appearance and Motion for Extension of Time to Plead filed by Mathis.

10/22/79 Motion for extension granted to 11/10/79.

11/13/79 Motion for More Definite Statement filed by Mathis.

11/16/79 Motion for More Definite Statement granted.

11/30/79 Amended Complaint filed by Morehouse.

2/25/80 Affidavit and Application for Default filed; Affidavit of Competency and Application for Default Judgment filed; Application for Default Judgment set for hearing on 3/28/80 at 10:30 a. m.

3/26/80 Court receives Mathis's letter requesting continuance of hearing.

3/27/80 Answer filed by Mathis.

3/28/80 Hearing on Application for Default Judgment continued on Mathis's motion to 4/15/80 at 8:30 p. m. (emphasis supplied).

4/7/80 First T.R. 60 motion for relief from judgment filed.

4/10/80 Court entry:

'The court notes a letter from defendant counsel dated March 25, 1980, and received by the court on March 26, 1980 as follows: (H.I.) asking for considering on the default taken. Did reset the hearing for April 15, 1980. The answer has now been filed.' No default was entered. The cause is set for final hearing on the 16th day of May, 1980, at 1:00 p. m.' (emphasis supplied). However, notice to counsel from the court read:

'The court notes a letter from defendant counsel dated March 25, 1980 and received by the court on March 26, 1980 asking for considering on the default taken. Did reset the hearing for April 16, 1980. The answer has now been filed. No default was entered. the [sic] cause is set for final hearing on the 16th day of May 1980 at 1:00 p. m.' (emphasis supplied).

4/14/80 Mathis receives copy of 4/10/80 notice to counsel. Events as set forth in Mathis's second T.R. 60 motion:

'On April 14, 1980, defendant's counsel attempted to contact plaintiff's counsel to check about the hearing date set for April 15, 1980, for 8:30 P.M.; plaintiff's counsel was busy and defendant's counsel left a "call-back" with his secretary, during the morning hours of said day; ... Later on April 14, 1980, plaintiff's counsel returned defendant's counsel's call during defendant's counsel's absence from the office, and discussed defendant's counsel's inquiry with his secretary about the A.M. or P.M. date and time for 4–15–80; also defendant's counsel's secretary inquired of plaintiff's counsel if he had received a copy of the Court minutes that we received today (after defendant's counsel's first phone to plaintiff's counsel) dated, April 10, 1980, and read same to him; he stated that he did not, but that he would go to the Courthouse and check, and call defendant's counsel back regarding it; plaintiff's counsel never called back;'

4/15/80 Hearing on application for default judgment held. Morehouse appears; Mathis does not. Default judgment granted. First T.R. 60 motion denied.

5/2/80 Court entry:

'The cause was originally set for default on the 25th of February, 1980, for the 28th of March 1980 at 10:30 a. m. Answer was filed on the 27th of March, 1980, and court continued hearing to the 15th of April, 1980. On the 7th of April defendant asked to be relieved from default *and the cause was reset for the 16th of May, 1980, for final hearing* but hearing for the 15th of April was *prior hearing where no one appeared. I overlooked the May setting sandwiched in.* There will be a hearing then on the 16th of May at 1:00 a. m. [sic] The Court will be happy to see "in person" the counsel for defense.' (emphasis supplied)

Second T.R. 60 motion for relief from default judgment filed.

5/5/80 Mathis requests continuance of 5/16/80 hearing.

5/7/80 Court entry:

'Court grants Defendants continuance and reset this cause *for a full day* on the 24th day of September, 1980, at 9:00 a. m. First Choice. This is getting to be an intolerable record—lets get this case *tried.*' (emphasis supplied)"

The message given to us, to trial courts and to litigants in *Otte v. Tessman* (1981) Ind., 426 N.E.2d 660 is unmistakable. We may no longer interpret procedural rules in a manner other than indicated by the language of those rules no matter how seemingly unfair the application of those rules may be in a given instance. Nevertheless, it is the ambiguity contained within the rules themselves as made more devastating here by the trial court's lack of clarity and lack of decisiveness which dictates a consideration at least of the damage argument presented by Appellant. The rules are not now nor have they been clear as evidenced by the myriad irreconcilable cases construing T.R. 59 and T.R. 60 and more particularly by today's rejection of *Dawson, supra.* I do not therefore see this case as one which requires adherence to the hard-line rationale of *Otte v. Tessman, supra.* Accordingly, I would reverse the judgment and remand the cause solely for a trial upon the question of damages, if any.