**Peggy Lynn LARGEN, Appellant,**

v.

**Charles Lynn LARGEN, Appellee.**

No. 46A04–8803–CV–117.

Court of Appeals of Indiana,
Fourth District.

March 29, 1989.

Stephen A. Kray, LaPorte, for appellant.

Robert C. Szilagyi, LaPorte, for appellee.

CHEZEM, Judge.

### Case Summary

Appellant, Peggy Lynn Largen, appeals the denial of a motion for relief from order of a custody determination in a decree of dissolution. We affirm.

### Issues

Appellant raises three issues on appeal which we consolidate and restate as follows: Whether Appellant waived capacity to raise issue of trial court's jurisdiction in its child custody determination in her motion for relief from order.

### Facts

On November 30, 1985, Appellee, Charles Lynn Largen ("Father") and Peggy Lynn Largen ("Mother") were married. On February 25, 1986, Father filed a petition for dissolution before the LaPorte Circuit Court. Subsequently, on April 24, 1986, Mother gave birth to a daughter Melinda Sue Largen ("Child"). Initially, Child lived with Mother, maternal grandparents and maternal aunt and uncle in LaPorte. Father visited Child on weekends and on his other days off. On September 13, 1986, Father, Mother and Child moved to Arkansas. Father told his lawyer that he and Mother were moving to Arkansas in attempt to reconcile. The lawyer told Father and Mother that the dissolution would just "die naturally" without any further action. No dismissal of the petition occurred. On December 13, 1986, Father and Mother again separated.

On December 16, 1986, Mother filed a petition for dissolution and custody determination in the Chancery Court for Carroll County, Arkansas. Attached to the petition was a standing order which proscribed either party from removing Child from Arkansas without the court's permission. Father received a copy of the petition by mail. On December 22, 1986, Father removed Child from Arkansas and returned to Indiana without Mother's knowledge. On December 29, 1986, Father filed a motion for temporary restraining order without notice before the LaPorte Circuit Court. On January 7, 1987, Mother dismissed the petition for dissolution in Arkansas on advice from her counsel that it would be more expeditious to allow the LaPorte court to adjudicate the dissolution than to litigate the jurisdictional issue. The order of dismissal on the petition reads in pertinent part:

> Comes now the Petitioner and for her oral motion to dismiss and from which the Court does find that for personal reasons the Petitioner has left the jurisdiction to this [sic] Court and not planning to return to process this cause of action, same should be dismissed.

On April 3, 1987, the LaPorte Circuit Court entered the decree of dissolution, which granted custody of the Child to Father.

On December 9, 1987, Mother filed a motion for relief from order pursuant to Indiana Rules of Procedure, Trial Rule 60(B)(6). The motion was denied February 8, 1988.

### Discussion and Decision

Before proceeding with our discussion and decision on the specific issue raised in this appeal, we note that the Father has not provided us with a brief. Mother may prevail by making a *prima facie* showing of reversible error. *D.H. v. J.H.* (1981), Ind.App., 418 N.E.2d 286; *Constanzi v. Ryan* (1978), 175 Ind.App. 257, 370 N.E.2d 1333.

In her motion to set aside order, Mother argues that the order is void because the trial court lacked subject matter jurisdiction. A court without subject matter jurisdiction cannot render a valid judgment. In *Matter of Adoption of H.S.* (1985), Ind.App., 483 N.E.2d 777, 780, *reh. denied,* Judge Neal, speaking for the First District, discussed jurisdiction:

> Jurisdiction of the subject matter involves the *power* of the court to hear and determine a general class of cases to which the proceedings belong. But subject matter jurisdiction does not depend

upon the sufficiency or correctness of the averments in the complaint, the stating of a good cause of action, the validity of the demand, or the plaintiff's right to relief. It does not depend upon the regularity of the proceedings or the correctness of the decision. It is only dependent upon the subject matter to which it relates. *Myers v. Sell* (1948), 226 Ind. 608, 81 N.E.2d 846, 82 N.E.2d 81; *Brown [v. State], supra* [ (1941), 219 Ind. 251, 37 N.E.2d 73]; *Brendanwood Neighborhood Association v. Common Council of Lebanon* (1975), 167 Ind.App. 253, 338 N.E.2d 695; *Hirschman v. Marion County Plan Commission* (1958), 128 Ind.App. 520, 146 N.E.2d 277, *trans. denied.* The only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether this kind of claim the plaintiff advances falls within the general scope of authority conferred upon such court by the constitution or statute. *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 332 N.E.2d 99.

Jurisdiction of the subject matter does not mean the jurisdiction of a particular case. A court can have jurisdiction over a particular class of cases to which the case belongs, but not jurisdiction over the particular facts contained therein. *Public Service Co. v. Decatur County REMC* (1977), 173 Ind.App. 198, 363 N.E. 2d 995.

*Adoption of H.S.*, 483 N.E.2d at 780–781.

■ A judgment is void when the trial court lacks jurisdiction over the *general* class of cases, or the subject matter, to which the particular case belongs. *Mann v. Mann* (1988), Ind.App., 528 N.E.2d 821, 822, *reh. denied.* When a judgment is rendered by a court without jurisdiction of the *particular* case, the judgment is not void and any objections to the court's exercise of jurisdiction will be waived if not made in a proper and timely fashion. *Id. citing Chemco Transport, Inc. v. Conn* (1987), Ind.App., 506 N.E.2d 1111, 1114, reversed in part on other grounds, (1988), 527 N.E.2d 179. Clearly, the LaPorte Circuit Court has jurisdiction over custody disputes; thus, the court had subject mat-

ter jurisdiction and the judgment is not void. At issue then is whether the court had *personal* jurisdiction over the child and whether the LaPorte Circuit Court was the proper forum for the dispute pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA) found at 31–1–11.6–1 et seq.

In the present case, Mother challenged the trial court's jurisdiction on the grounds that Arkansas was the most recent home State of the child; that Arkansas had the closest connection with the child; and that evidence regarding the child's present/future care, protection, training and personal relations was more readily available in Arkansas. These allegations are factual questions to be determined by the trial court. Thus, the trial court's jurisdiction was dependent on the facts of the particular case.

■ When confronting an interstate custody dispute, the trial court must engage in a multi-step analysis to determine: (1) whether it has subject matter jurisdiction. Ind.Code 31–1–11.6–3; (2) Whether there is a custody proceeding pending in another state which would require the court to decline its jurisdiction. Ind.Code 31–1–11.6– 6; (3) Whether the trial court should exercise its jurisdiction because Indiana is the convenient forum. Ind.Code 31–1–11.6–7. The UCCJA has provisions designed to address questions similar to the present case. Ind.Code 31–1–11.6–6(c) provides:

If the court is informed during the course of the proceedings that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections 19 through 22 [31–1–11.6–19 through 31–1–11.6–22] of this chapter. If a court of this state has made a custody decree before being informed of a pending proceeding in a court of another state it shall immediately inform that court of the fact. If the

court is informed that a proceeding was commenced in another state after it assumed jurisdiction it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum.

■ Mother argues that the trial court abused its discretion in exercising its jurisdiction. After examining the relevant portions of the UCCJA, we remain unpersuaded that the trial court abused its discretion. The original petition was never dismissed; therefore, the court never lost jurisdiction over the action. The trial court became aware of the Arkansas proceeding after the hearing on the Indiana dissolution began but before any determination of jurisdiction over child custody began. Mother dismissed her Arkansas petition. The trial court was not required to contact Arkansas when no action was pending. Ind.Code 31–1–11.6–6.

■ Any challenge to the trial court's determination that it had personal jurisdiction over the child had to be made in a timely manner.[1] A motion for relief from order cannot be employed to revive an expired attempt to appeal. *Snider v. Gaddis* (1980), Ind.App., 413 N.E.2d 322. Where allegations of error raised in a motion for relief from order could have been raised in a motion to correct error,[2] the error is waived. *Irmiger v. Irmiger* (1977), 173 Ind.App. 519, 364 N.E.2d 778. Mother failed to challenge the trial court's determination that it had jurisdiction in a timely manner and thus did not preserve the issue for review. Affirmed.

CONOVER, P.J., and MILLER, J. concur.

---

**1.** We note that parties may not agree to confer jurisdiction to a court which does not have jurisdiction to hear a particular interstate custody dispute. *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23, 32 *citing Campbell v. Campbell* (1979), Ind.App., 388 N.E.2d 607, 608. The failure of a party to timely object and initiate an appeal to the trial court's acquiring jurisdiction —after that court has completed its affirmative duty to ascertain when the court has jurisdiction—waives the issue.

**2.** We note that Indiana Rules of Procedure, Trial Rule 59 has been changed so that a motion to correct error is no longer a requirement.