**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 08 2013, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

PRO SE APPELLANT:

**Scott Rose**
Plainfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| Scott Rose, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  32A05-1207-AD-361 |
| | ) | |
| J.Z. AND J.Z., (Adoptive Parents), | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Robert W. Freese, Judge
Cause No. 32D01-1102-AD-5

**March 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Pro-se Appellant Scott Rose ("Rose") appeals the denial of his Indiana Trial Rule 60(B) motion whereby he sought to set aside an adoption decree. We affirm.

## Issue

Rose presents a single, consolidated issue for review: whether the trial court abused its discretion by denying the motion for relief from judgment.

## Facts and Procedural History

After Rose began serving a twenty-year sentence for Criminal Confinement, his daughter was born to M.H. Subsequently, M.H. established Rose's paternity but consented to adoption of the child by M.H.'s brother and sister-in-law. Rose opposed the adoption; however, on June 1, 2011, a decree of adoption was entered.

Rose filed a Notice of Appeal on June 24, 2011. On January 20, 2012, this Court dismissed Rose's appeal with prejudice for failure to timely file an appellant's brief. On May 14, 2012, Rose filed a motion to vacate the judgment. On May 29, 2012, the trial court denied the motion. Rose now appeals.

## Discussion and Decision

Trial Rule 60(B) provides, in pertinent part:

> On motion and upon such terms as are just the court may relieve a party …
> from an entry of default, final order, or final judgment … for the following
> reasons:
> (1)　　mistake, surprise, or excusable neglect;
> (2)　　any ground for a motion to correct error, including without limitation
> 　　　newly discovered evidence …
> (3)　　fraud …

2

(4)     entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

(5)     except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, and if the motion asserts and such party proves that
(a) at the time of the action he was an infant or incompetent person …

(6)     the judgment is void;

(7)     the judgment has been satisfied …

(8)     any reason justifying relief from the operation of the judgment[.]

Rose's motion does not appear in the Appendix and he does not argue that a particular category is applicable. In general, Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." Goldsmith v. Jones, 761 N.E.2d 471, 474 (Ind. Ct. App. 2002). The burden is upon the movant to establish the necessary grounds for relief. JK Harris & Co., LLC v. Sandlin, 942 N.E.2d 875, 881 (Ind. Ct. App. 2011), trans. denied. A Trial Rule 60(B) motion is addressed to the equitable discretion of the trial court, and the grant or denial of the motion will not be disturbed absent an abuse of discretion. Id. A trial court abuses its discretion when the denial is clearly against the logic and effect of the facts and inferences supporting the motion for relief. Z.S. v. J.F., 918 N.E.2d 636, 639 (Ind. Ct. App. 2009), trans. denied.

A motion for relief from judgment under Indiana Trial Rule 60(B) may not be used as a substitute for a direct appeal. Snider v. Gaddis, 413 N.E.2d 322, 324 (Ind. Ct. App. 1980). Neither can the motion be employed to revive an expired attempt to appeal. Id. Here, Rose initiated an appeal of the adoption decree, but failed to timely perfect the appeal. He then sought to set aside the adoption decree on equitable grounds. He may not successfully circumvent this Court's dismissal of his direct appeal and obtain a second bite at the

3

proverbial apple.  The trial court did not abuse its discretion by denying Rose's motion for relief from judgment.

Affirmed.

VAIDIK, J., and BROWN, J., concur.