**James H. KINDRED, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 67A04–0201–PC–32.

Court of Appeals of Indiana.

July 19, 2002.

Daniel K. Whitehead, Yorktown, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

James Kindred ("Kindred") appeals an order entered pursuant to Indiana Trial Rule 60(B)(6), which declared void the trial court's former order purportedly granting Kindred sixteen years and fifteen days of credit time. We affirm.

### Issues

Kindred presents two issues for review:

I. Whether the Department of Correction ("Department") had standing to move for relief from judgment; and

II. Whether the trial court properly found the order for Class I credit time void.

## Facts and Procedural History

On December 16, 1999, the Putnam Circuit Court found invalid the enhanced sentence imposed upon Kindred for his forgery and theft convictions. On March 2, 2000, the trial court entered a new sentencing order. On December 13, 2000, Kindred filed a motion requesting Class I credit time from February 15, 1984 through March 2, 2000. On May 16, 2001, the trial court granted the motion and ordered the Department to award Kindred Class I credit time for time served between February 15, 1984 and March 2, 2000, as follows:

> The Defendant shall be granted Credit Class I good time on the Amended Abstract of Judgment issued in this cause on March 2, 2000, specifically from the time of arrest and jail confinement on February 15, 1984, through the period until the sentencing judgment was certified on March 2, 2000, by the Amended abstract of Judgment, as time spent in confinement prior to sentencing.

The Clerk of the Putnam Circuit Court certified the order on June 7, 2001, and the Department received the order sometime before June 19, 2001. (Appendix 22.)

On July 16, 2001, the Department filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B)(6), claiming that the good time credit order was void, because it was entered in the absence of statutory jurisdiction. On August 6, 2001, Kindred moved to strike a non-party pleading. On August 31, 2001, the trial court granted the T.R. 60(B)(6) motion, rescinding the May 2001 order for credit time. On October 1, 2001, Kindred filed a motion to correct error. The motion was deemed denied. Kindred now appeals.

## Discussion and Decision

### I. Standard of Review

Trial Rule 60(B)(6) provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons: . . .
>
> (6) the judgment is void.

We review the grant of a motion for relief from judgment under Indiana Trial Rule 60(B) only for an abuse of discretion. *Snider v. Gaddis*, 413 N.E.2d 322, 327 (Ind.Ct.App.1980). An abuse of discretion occurs when the granting of the motion by the trial court was clearly against the logic and effect of the facts and circumstances before the court. *Greengard v. Indiana Lawrence Bank*, 556 N.E.2d 1373, 1375 (Ind.Ct.App.1990).

### II. Credit Time Law

In addition to credit toward the sentence a prisoner receives for time actually served, he may receive additional credit for good behavior and educational attainment. *Purcell v. State*, 721 N.E.2d 220, 222 (Ind.1999). The latter is sometimes referred to as "good time credit" or "credit time." *Id.* The purpose of credit time is to encourage inmates of penal institutions to behave well in confinement, improve morale and help authorities maintain order and control. *Campbell v. State*, 714 N.E.2d 678, 682 (Ind.Ct.App.1999).

Indiana Code section 35–50–6–4(a) provides that a person imprisoned awaiting trial or sentencing is initially assigned to Class I for purposes of receiving credit time, or good time credit. A Class I prisoner earns one day of "good time" credit for each day of imprisonment. *Id.* Although a prisoner is initially eligible for

Class I status, pursuant to Indiana Code section 35–50–6–4(b), he may be reassigned to Class II or Class III for disciplinary reasons. A prisoner in Class II earns one day of credit time for every two days he is imprisoned while a prisoner in Class III earns no credit time. IND.CODE § 35–50–6–3(b)(c).

### III. Standing to Challenge Credit Time Order

■ Initially, Kindred claims that the Department lacked standing to challenge the credit time order. The trial court's order of May 29, 2001 directed the Department to grant Kindred credit time as if he had been in Class I from February 15, 1984 until the date of sentencing, March 2, 2000. The trial court concluded that, because the Department was subject to the order, the Department had standing to seek relief from the order. The trial court relied upon *State v. Bergman*, 558 N.E.2d 1111, 1112 (Ind.Ct.App.1990), wherein this court held that the Indiana State Police, as an entity subject to compliance with the court's order, had standing to appeal the order although it was not a party to the original action and did not move to intervene in the matter.

■ Here, however, we are concerned with a motion to set aside a judgment and not an appeal. A motion for relief from judgment under Indiana Trial Rule 60(B) may not be used as a substitute for a direct appeal. *Snider*, 413 N.E.2d at 324. Neither can the motion be employed to revive an expired attempt to appeal. *Id.* A party who forgoes an appeal accepts the judgment and is bound by the law of the case. *Sheraton Corp. of America v. Korte Paper Co., Inc.*, 173 Ind.App. 407, 412, 363 N.E.2d 1263, 1265 (1977). The Department did not timely appeal the credit time

order, nor attempt to file a belated appeal. It may not use Indiana Trial Rule 60(B) as a procedural vehicle to accomplish that which could have been accomplished on direct appeal, as T.R. 60(B) is not designed to circumvent the appellate process, but to afford relief upon a showing of exceptional circumstances. *Warner v. Young America Volunteer Fire Dept.*, 164 Ind.App. 140, 145, 326 N.E.2d 831, 835.

### IV. Voidness of Credit Time Order

■ Because the lack of subject matter jurisdiction may be raised at any time, including on appeal, *Weldon v. Universal Reagents, Inc.*, 714 N.E.2d 1104, 1107 (Ind. Ct.App.1999), we next consider whether the trial court lacked jurisdiction to enter an order requiring the Department to grant Class I credit time.

■ A trial court's sentencing authority is only that which is conferred by the legislature. *Weaver v. State*, 725 N.E.2d 945, 948 (Ind.Ct.App.2000). The trial court has the power to impose a sentence while the Department has the power to administer a sentence. *Clark v. State*, 160 Ind.App. 206, 209, 311 N.E.2d 439, 441 (1974). The legislature invested the Department, rather than the trial court, with the responsibility of determining, denying or restoring credit time. *Campbell*, 714 N.E.2d at 683. A sentencing judge only has the authority to make recommendations with respect to good time allowances and cannot enter a binding order circumventing the statutory process for calculating credit time. *Leavell v. State*, 181 Ind. App. 69, 73, 391 N.E.2d 246, 248 (1979).[1]

Here, the trial court entered an order purportedly granting Class I credit time

---

1. *See also Partlow v. Superintendent of Miami Correctional Facility,* 756 N.E.2d 978, 983 (Ind.Ct.App.2001), holding that a trial court has jurisdiction over a habeas corpus action arising from the denial of credit time for educational attainment.

classification to Kindred, effectively granting him one day of credit time for each day of incarceration over a sixteen-year span of time, regardless of any disciplinary actions. This was outside the statutory jurisdiction of the sentencing court.

### Conclusion

In light of the foregoing, the order of the sentencing court purportedly granting Kindred Class I credit time was properly set aside as void.

Affirmed.

NAJAM, J., and ROBB, J., concur.