Jesse E. ROBINSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0209–PC–303.

Court of Appeals of Indiana.

Feb. 27, 2003.

Jesse E. Robinson, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**1.** Ind.Code § 35–42–1–1 (1998 & Supp.2002);

## OPINION

MATHIAS, Judge.

Jesse E. Robinson ("Robinson") was found guilty of attempted murder,[1] a Class A felony, after a jury trial in the Superior Court of Lake County and sentenced to thirty years executed in the Department of Correction. Robinson, pro se, appeals raising one issue, which we restate as whether the trial court properly denied his motion to correct erroneous sentence. Finding that the trial court erred when it denied Robinson's motion, we reverse.

### Facts and Procedural History

Robinson was found guilty of attempted murder, a Class A felony, after a jury trial, and on February 26, 1986, the trial court sentenced him to thirty years executed in the Department of Correction. The trial court also stated:

> He's to be given credit for service of his sentence for one hundred eighty-seven days spent in confinement as a result of the criminal charge for which this sentence is imposed, and the court recommends said credit of days be considered in assessing credit for good time conduct, as provided by law.

Tr. p. 10.

On July 23, 2002, Robinson filed a motion to correct erroneous sentence, claiming that the trial court improperly credited his sentence with time served and credit time. The motion was denied. On August 12, 2002, Robinson filed a motion to correct error, which was also denied. Robinson now appeals.

### Discussion and Decision

■ Although the preferred procedure for presenting a sentencing error is a petition for post-conviction relief, a motion to correct erroneous sentence may be used to correct those errors where the sentence

Ind.Code § 35–41–5–1(a) (1998).

is erroneous on its face. *Funk v. State,* 714 N.E.2d 746, 748–49 (Ind.Ct.App.1999), *trans. denied.* A trial court may correct an erroneous sentence when a sentence is facially defective. *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind.2000); Ind.Code § 35–38–1–15 (1998). A sentence is facially defective if it violates express statutory authority at the time it is imposed. *Id.* A trial court's ruling on a motion to correct erroneous sentence is subject to appeal by normal appellate procedures. *Id.* On appeal, we defer to the trial court's factual findings, but we review the trial court's legal conclusions de novo. *Id.*

■ Robinson argues that the trial court erred when it denied his motion to correct an erroneous sentence because he actually served one hundred eighty-seven days in the Lake County Jail prior to his sentencing, but he was owed three hundred seventy-four days of credit. He contends that because it is apparent that the trial court did not properly credit his sentence with time served and credit time, we should remand the case to determine the amount of time he actually served before his sentencing.

■ Indiana Code section 35–50–6–4(a) provides: "A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." Ind.Code § 35–50–6–4(a) (1998). Additionally, Indiana Code section 35–50–6–3(a) states: "A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35–50–6–3(a) (1998). Although a person may be initially assigned to Class I, he may be reassigned to Class II or Class III for disciplinary reasons. Ind.Code § 35–50–6–4(b) (1998 & Supp.2002). A person in Class II earns one day of credit time for every two days he is imprisoned, while a person in Class III earns no credit

time. Ind.Code § 35–50–6–3(b), (c) (1998). "Because presentence jail time credit is a matter of statutory right, a trial court generally does not have discretion in awarding or denying such credit." *Senn v. State,* 766 N.E.2d 1190, 1194 (Ind.Ct.App. 2002) (citing *Molden v. State,* 750 N.E.2d 448, 449 (Ind.Ct.App.2001)).

Robinson relies on *Senn v. State* to support his belief that the trial court erred when it denied his motion to correct erroneous sentence. In *Senn,* a panel of this court remanded the case to the trial court to hold a hearing to determine the amount of time that the defendant actually served in jail and determined that the defendant was owed one day of credit time for each day he was imprisoned. *Id.* at 1195. This was because the matter of determining presentence jail time credit is not discretionary. *Id.* If a mistake in the defendant's credit time is apparent, it is this court's duty to correct that mistake. *Id.* The panel found it was not clear if the trial court had properly credited the defendant's sentence with time served and credit time and remanded the case. *Id.*

The State argues that the trial court did not have the jurisdiction to actually award credit time, and therefore, the trial court properly declined to award additional credit time to Robinson. The State relies on *Kindred v. State,* 771 N.E.2d 760 (Ind.Ct. App.2002), to support its contention. In *Kindred,* a panel of this court held that it was outside the statutory jurisdiction of the sentencing court to enter an order granting Class I credit time classification to the defendant, "effectively granting him one day of credit time for each day of incarceration … regardless of any disciplinary actions." *Id.* at 764. This was because "[t]he legislature invested the Department [of Correction], rather than the trial court, with the responsibility of determining, denying or restoring credit time."

*Id.* at 763 (citing *Campbell v. State,* 714 N.E.2d 678, 683 (Ind.Ct.App.1999)). The trial court only has the authority to make recommendations at sentencing regarding credit time and cannot "enter a binding order circumventing the statutory process for calculating credit time." *Id.* (citing *Leavell v. State,* 181 Ind.App. 69, 73, 391 N.E.2d 246, 248–49 (1979)).

The present case is distinguishable from *Kindred* because in *Kindred* the defendant's enhanced sentence was found invalid almost sixteen years after he had been originally sentenced, and the trial court entered a new sentencing order. *Id.* at 762. The defendant filed a motion requesting Class I credit time from the time he was originally sentenced to the date of the new sentencing order. *Id.* The trial court granted the defendant's motion and ordered the Department of Correction to award the defendant Class I credit time. *Id.* The Department of Correction then filed a motion for relief from judgment, claiming that the judgment was entered in the absence of statutory jurisdiction; that motion was granted, and the defendant appealed. *Id.* A panel of this court agreed with the Department of Correction and found that granting the credit time was outside the statutory jurisdiction of the trial court because it effectively granted the defendant credit time regardless of any disciplinary actions. *Id.* at 764.

We recognize that *Senn* stated that a trial court *generally* does not have discretion in awarding or denying credit time. But when a trial court is provided with presentence reports of the defendant's be-

havior while imprisoned presentence, its sentencing decisions are made with relevant, current information about the defendant's presentence behavior, and the trial court should have jurisdiction to determine credit time earned up to the time of sentence. Such a determination does not circumvent the Department of Correction's jurisdiction to determine a defendant's credit time status once remanded to the Department of Correction.

In the present case, it is unclear whether Robinson was properly credited for both his time served and credit time,[2] and the trial court erred when it denied Robinson's motion to correct erroneous sentence. We therefore remand this case to the trial court for a hearing to determine the amount of time Robinson actually served prior to sentencing. If it is determined that Robinson actually served one hundred eighty-seven days in jail and no reasons existed why he was not entitled to Class I status during that time, he is owed one day of credit time for each day he was imprisoned, or a total of three hundred seventy-four days.

Reversed and remanded for proceedings consistent with this opinion.

BAKER, J., and RILEY, J., concur.

---

2. We note that we only have the transcript of the sentencing hearing to rely on to determine if the trial court properly credited Robinson's sentence; no sentencing order or abstract of judgment was provided in the appendix. Because nothing in the record filed with this court shows any disciplinary actions against Robinson while he was imprisoned prior to

sentencing, we are not presented here with a situation where the trial court was provided with presentence reports that detail bad behavior of the defendant while imprisoned prior or to sentencing. Therefore, the trial court did not have the ability to deny Robinson's credit time.