Jesse E. ROBINSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0209–PC–303.

Court of Appeals of Indiana.

June 9, 2003.

Transfer Granted July 15, 2003.

Jesse E. Robinson, Bunker Hill, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Jesse E. Robinson ("Robinson") was found guilty of attempted murder,[1] a Class A felony, after a jury trial in the Superior Court of Lake County and sentenced to thirty years executed in the Department of Correction. Robinson, pro se, appealed raising one issue, which was whether the trial court properly denied his motion to correct erroneous sentence. We issued our opinion in this case on February 27, 2003 reversing the trial court. On March 28, 2003, the State of Indiana filed a Petition for Rehearing arguing that the trial court does not have the authority to grant or deny credit time, and that we erred when we held that the trial court should have the jurisdiction to determine credit time earned prior to the defendant being sentenced. Appellant Robinson, pro se, filed his self-styled motion to dismiss petition for rehearing on April 3, 2003, and we considered that petition as the appellant's brief in response to the State's petition for rehearing. Because we are now convinced that the trial court properly denied Robinson's motion to correct erroneous sentence, we grant the State's petition for rehearing and withdraw our previous opinion.

### Facts and Procedural History

Robinson was found guilty of attempted murder, a Class A felony, after a jury trial, and on February 26, 1986, the trial court sentenced him to thirty years executed in the Department of Correction. The trial court also stated:

He's to be given credit for service of his sentence for one hundred eighty-seven days spent in confinement as a result of the criminal charge for which this sentence is imposed, and the court recommends said credit of days be considered in assessing credit for good time conduct, as provided by law.

Tr. p. 10.

On July 23, 2002, Robinson filed a motion to correct erroneous sentence, claim-

---

1. Ind.Code § 35–42–1–1 (1998 & Supp.2002); Ind.Code § 35–41–5–1(a) (1998).

ing that the trial court improperly credited his sentence with time served and credit time. The motion was denied. On August 12, 2002, Robinson filed a motion to correct error, which was also denied. Robinson filed his notice of appeal on August 22, 2002, and this court issued an opinion on that appeal on February 27, 2003. In our initial opinion, we held that the trial court erred when it denied Robinson's motion to correct erroneous sentence because we determined that the trial court should have the jurisdiction to determine credit time earned up to the time of sentence. The State now petitions for rehearing.

### Discussion and Decision

 Although the preferred procedure for presenting a sentencing error is a petition for post-conviction relief, a motion to correct erroneous sentence may be used to correct those errors where the sentence is erroneous on its face. *Funk v. State,* 714 N.E.2d 746, 748–49 (Ind.Ct.App.1999), *trans. denied.* A trial court may correct an erroneous sentence when a sentence is facially defective. *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind.2000); Ind.Code § 35–38–1–15(1998). A sentence is facially defective if it violates express statutory authority at the time it is imposed. *Id.* A trial court's ruling on a motion to correct erroneous sentence is subject to appeal by normal appellate procedures. *Id.* On appeal, we defer to the trial court's factual findings, but we review the trial court's legal conclusions de novo. *Id.*

 In its petition for rehearing, the State argues that the trial court's denial of Robinson's motion to correct erroneous sentence should be affirmed in all aspects because trial courts do not have the authority to either grant or deny credit time; the Department of Correction and the local jailing authority are the only authorized entities for determination of credit time. The State relies on *Campbell v.*

*State,* 714 N.E.2d 678 (Ind.Ct.App.1999) for this contention. In *Campbell,* this court stated, "it is evident that the deprivation or restoration of a person's credit time is a discretionary matter entrusted not to the courts but to the administrators of the DOC." *Id.* at 683–84. *Campbell* also pointed out that Indiana Code section 11–11–5–3 expressly gives the DOC authority "to deprive a prisoner of earned credit time under [Indiana Code section] 35–50–6–5(a) as a disciplinary action for violating the rules of the DOC or a penal facility." *Id.* at 683.

Importantly, a prisoner must be accorded a hearing to determine his guilt or innocence and must be given procedural due process protections before a deprivation of credit time may occur. Ind.Code § 35–50–6–5(b) (1998). In *Campbell,* after a review of the procedural safeguards provided for in Indiana Code section 35–50–6–4(c), this court noted that the legislature intended that the DOC conduct this hearing. 714 N.E.2d at 683. Therefore, *Campbell* held that the statutory scheme provided that the legislature intended that the grant or denial of credit time be the province of the DOC and not the trial court. *Id.* at 683–84.

The State contends that the distinction made in our original opinion between a trial court's post-sentence grant of credit time and its categorization of pre-sentence incarceration time should not change the *Campbell* analysis. *Kindred v. State,* 771 N.E.2d 760 (Ind.Ct.App.2002) held that it was outside the statutory jurisdiction of the sentencing court to enter an order granting Class I credit time classification to the defendant, "effectively granting him one day of credit time for each day of incarceration ... regardless of any disciplinary actions." *Id.* at 764. This was because "[t]he legislature invested the Department [of Correction], rather than the

trial court, with the responsibility of determining, denying or restoring credit time." *Id.* at 763 (citing *Campbell v. State,* 714 N.E.2d 678, 683 (Ind.Ct.App.1999)). *Kindred* stated that the trial court only has the authority to make recommendations at sentencing regarding credit time and cannot "enter a binding order circumventing the statutory process for calculating credit time." *Id.* (citing *Leavell v. State,* 181 Ind.App. 69, 73, 391 N.E.2d 246, 248–49 (1979)).

We distinguished *Kindred* from the present case because in *Kindred* the trial court categorized almost sixteen years of prior incarceration time after the defendant's original sentence, when the trial court entered a new sentencing order. *Id.* at 762. A panel of this court held that the trial court's grant of Class I credit time in the new sentencing order was outside the statutory jurisdiction of the trial court because it effectively granted the defendant credit time regardless of any disciplinary actions that had occurred during the intervening sixteen years of his incarceration. *Id.* at 764.

The State further argues that the legislature's intention regarding credit time determinations is the same in the context of pre-sentence and post-sentence incarceration. We agree. Under Indiana Administrative Code title 210, rule 3–1–17 (2001), each sheriff is required to establish rules for inmate conduct and may, as a disciplinary action for violation of such rules, reassign prisoners to a lower credit time class or deprive them of earned credit time pursuant to the same statutory scheme and procedural safeguards.

For all of these reasons, upon review of the parties' arguments and consideration of the underlying policy issues, we now grant the State's petition for rehearing, withdraw our previous opinion herein, and affirm the trial court in all respects.

BAKER and RILEY, JJ., concur.