**Samuel I. CROW, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

. No. 87A01–0301–CR–5.

Court of Appeals of Indiana.

Oct. 16, 2003.

---

Samuel I. Crow, Bunker Hill, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

In May 2001, the State charged Samuel I. Crow with six counts of burglary, six

counts of theft, and one count of possession of stolen property. In November 2001, Crow pleaded guilty to the six theft counts, and the State agreed to dismiss the remaining counts. The trial court sentenced Crow to 2½ years on each count and ordered that he serve those terms consecutively for a total term of fifteen years, with three years suspended to probation. The court further determined that Crow was entitled to 179 days of credit for time served in jail while awaiting sentence. In addition, on the Abstract of Judgment, under a section entitled "Judge's Recommendations," the court marked "No" next to the line which reads, "Class One Credit."

On October 18, 2002, Crow filed his Motion to Correct Erroneous Sentence and argued that the court failed to give him credit for good behavior (hereinafter "good time credit"), in addition to credit for time served.[1] After referring Crow's motion to the Prosecutor's office for a response, the court denied the motion and suggested that Crow "consult with the [Indiana Department of Correction ("DOC") ] concerning [its] assignment of credit time." Crow now appeals and presents a single issue for review: whether the trial court erred when it denied his motion seeking good time credit for the 179 days he spent in jail prior to his sentencing.

We reverse and remand with instructions.

## DISCUSSION AND DECISION

 Although the preferred procedure for presenting a sentencing error is a petition for post-conviction relief, a motion to correct erroneous sentence may be used to correct those errors where the sentence is erroneous on its face. *Funk v. State,* 714 N.E.2d 746, 748–49 (Ind.Ct.App.1999),

*trans. denied.* A trial court may correct an erroneous sentence when a sentence is facially defective. *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind.2000); Ind.Code § 35–38–1–15. A sentence is facially defective if it violates express statutory authority at the time it is imposed. *Mitchell,* 726 N.E.2d at 1243. A trial court's ruling on a motion to correct erroneous sentence is subject to appeal by normal appellate procedures. *Id.* On appeal, we defer to the trial court's factual findings, but we review the trial court's legal conclusions de novo. *Id.*

Crow contends that when the trial court imposed sentence, the court was required by statute to give him 179 days' good time credit, which combined with the 179 days the court credited him for time served in jail while awaiting sentence, amounts to 358 days of total credit. In support, he relies primarily on our opinion in *Senn v. State,* 766 N.E.2d 1190 (Ind.Ct.App.2002). In that case, we addressed, in part, Senn's claim that he was owed a total of 546 days of credit for 273 days he served in jail while awaiting sentencing on his probation revocation. *Id.* at 1194. We explained in *Senn* as follows:

> [Indiana Code Section] 35–50–6–4(a) provides: "A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." Furthermore, [Indiana Code Section] 35–50–6–3(a) provides: "A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Because pre[-]sentence jail time credit is a matter of statutory right, a trial court generally

---

1. Neither party's Appendix contains a copy of Crow's motion to correct erroneous sentence or the court's order. Rather, the Appendices combined contain only a copy of the Chronological Case Summary ("CCS") and a copy of the Abstract of Judgment.

does not have discretion in awarding or denying such credit.

*Id.* (citation omitted).

In our analysis of Senn's claim, we noted that in *Purcell v. State,* 721 N.E.2d 220, 223 (Ind.1999), our supreme court determined that "credit time" for purposes of Indiana Code Section 35–50–6 means "good time credit" not "credit for time served." *Id.* at 1195, n. 2. In addition, though the trial court in *Senn* explained on the record that it normally determined credit for time served and the DOC would thereafter calculate good time credit, we determined that credit time "is not a discretionary matter." *Id.* at 1195. Thus, we held that if a mistake in Senn's good time credit or credit for time served was apparent, it was our duty to correct that mistake. *Id.* While there was a discrepancy in the total number of credit days requiring remand, we stated: "If it is determined that Senn actually served 273 days in jail, he is owed one (1) day of credit time for each day he was imprisoned, i.e., a total of 546 days of credit." *Id.* (citing I.C. § 35–50–6–3(a)).

■ Crow also directs us to Indiana Code Section 35–38–3–2, which governs the contents of a trial court's judgment following conviction, and provides in relevant part:

 (a) When a convicted person is sentenced to imprisonment, the court shall, without delay, certify, under the seal of the court, copies of the judgment of conviction and sentence to the receiving authority.

 (b) The judgment *must* include:

* * *

 (4) the amount of credit, *including credit time earned,* for time spent in confinement before sentencing.

(Emphases added). Crow asserts that under subsection (b)(4), the trial court must include in the judgment of conviction not only credit for time served, but also good time credit *earned* while awaiting sentence under Indiana Code Section 35–50–6–3(a). We must agree.

■ First, subsection (b)(4) of the judgment of conviction statute contains the term "must." When the word "must" appears in a statute, we construe it as mandatory rather than directory unless it is apparent from the context or purpose that the legislature intended a different meaning. *Romine v. Gagle,* 782 N.E.2d 369, 379–80 (Ind.Ct.App.2003). In addition, our supreme court has already clarified that Indiana Code Section 35–50–6 "sets forth the procedures for earning good time credit; it does not address credit for time served." *Purcell,* 721 N.E.2d at 223. Accordingly, Indiana Code Section 35–50–6–3(a) refers to *good time credit,* not credit for time served, when it provides that a person assigned to Class I earns one day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing.

■ It is well settled that statutes which relate to the same general subject matter are in pari materia and should be construed together to produce a harmonious result. *Wilburn v. State,* 671 N.E.2d 143, 147 (Ind.Ct.App.1996), *trans. denied.* When Indiana Code Section 35–50–6–3(a) is read in conjunction with the judgment of conviction statute, specifically subsection (b)(4), it follows that a trial court's judgment must include: (1) the amount of credit for time spent in confinement before sentencing; and (2) credit time earned. While the judgment of conviction statute does not specifically reference Indiana Code Section 35–50–6–3, it refers to credit "earned." Significantly, and consistent with *Purcell,* Indiana Code Section 35–50–

6 governs credit time *earned* as a result of good behavior. Therefore, we agree with Crow's contention that Indiana Code Section 35–38–3–2(b)(4) requires the trial court to include in its judgment of conviction both credit for time served and good time credit earned under Indiana Code Section 35–50–6–3(a).[2]

■ In this case, the trial court did not give Crow good time credit for the 179 days he served in jail while awaiting sentencing. Rather, the court only gave him credit for time served. Thus, under *Senn,* and according to the language of the judgment of conviction statute, Crow raises a valid argument that the trial court imposed an erroneous sentence in violation of Indiana Code Section 35–50–6–3(a).

Still, after *Senn,* another panel of this court addressed a claim similar to Crow's, namely, that the trial court imposed an erroneous sentence because it gave the defendant credit for time served but only recommended that "said credit of days be considered in assessing credit for good time conduct, as provided by law." *Robinson v. State,* 789 N.E.2d 965, 966 (Ind.Ct. App.2003). The defendant, Robinson, filed a motion to correct erroneous sentence, which the trial court denied. On appeal, this court originally held that the trial court erred when it denied Robinson's motion to correct erroneous sentence because it should have determined good time credit earned up to the time of sentence. *Id.* at 967. However, the State petitioned for rehearing and argued that the DOC and the local jail authorities, not the trial court, are authorized to determine good time credit. We agreed with the State, granted

its petition for rehearing, and withdrew our previous opinion. *Id.* at 968.

*Robinson* was the first case to hold that a trial court lacks authority either to grant or deny good time credit *at the time of sentencing.* Prior to *Robinson,* we held in *Kindred v. State,* 771 N.E.2d 760, 763–64 (Ind.Ct.App.2002), that a trial court lacked authority to grant a defendant Class I credit time retroactively for the sixteen years that the defendant had been incarcerated in the DOC serving an enhanced sentence that was determined to be invalid. And in *Campbell v. State,* 714 N.E.2d 678, 683 (Ind.Ct.App.1999), we held that a trial court lacked authority to rule on a defendant's request for good time credit for days he spent in a work release center pursuant to the trial court's original sentencing order. Unlike both Crow and the defendant in *Robinson,* the defendants in *Kindred* and *Campbell* were not requesting that the trial court grant them Class I good time credit for days served while awaiting conviction or sentencing. We find this distinction significant for two reasons.

■ First, as a policy matter, once a defendant has been committed to the DOC, the DOC is in the best position to handle the assignment and modification of credit classes based on inmate behavior while incarcerated. Conversely, our case law on this issue fails to explain why the DOC is in the best position to assign credit time for a defendant who is a pre-trial detainee or awaiting sentencing in a local jail facility. Rather, the trial court, with assistance from the local sheriff, is in a better position to determine whether a

---

2. Under the former credit time statutes, there were two statutes within the same chapter that specifically addressed credit for time served and good time credit. *See* former Ind. Code § 35–8–2.5–1 (requiring trial court to give credit for time served at sentencing) and Ind.Code § 35–8–2.5–5 (requiring sentencing court to make only recommendations regarding good time credit) (repealed by Acts 1978, Pub.L. 2, Sec. 3555, Acts 1979, Pub.L. 120, Sec. 22).

defendant who has been incarcerated locally is entitled to Class I credit. The presumption is that the defendant earns Class I credit for each day he is incarcerated awaiting trial or sentencing. I.C. § 35–30–6–3(a). However, as we acknowledged in *Robinson*, 789 N.E.2d at 968, under Indiana Administrative Code, title 210, rule 3–1–17, each sheriff is required to establish rules for inmate conduct and may, as a disciplinary action for violation of such rules, reassign prisoners to a lower credit time class or deprive them of earned credit time. Indeed, the Pre–Sentence Investigation Report, which the county probation department submits to the trial court before sentencing, can easily include information for the court on the defendant's behavior and the defendant's earned credit time while awaiting trial and sentencing.

Second, it made sense in cases decided under the former credit time statutes that our courts would defer to the DOC on issues of good time credit for defendants incarcerated awaiting trial and sentencing because, as we have already noted, under the old statutory scheme, a trial court could *only* make recommendations on credit time. *See*, n. 2, *supra*. However, the current credit time statutes do not limit the trial court's authority to that of making recommendations. And the judgment of conviction statute requires a trial court to include good time credit earned in its judgment of conviction. I.C. § 35–38–3–2(b)(4).

In the present case, the State relies exclusively on our opinion in *Robinson* to support its contention that the trial court lacked jurisdiction to grant Crow good time credit because that power is reserved for the DOC. However, seven days after the State filed its Brief, our supreme court granted transfer in *Robinson*, vacating that opinion. *See Robinson v. State*, Cause No. 45S03–0307–PC–314 (July 15, 2003) (case transferred to supreme court). Thus, *Robinson* is no longer good law.

■ The courts of this State at every level have grappled with application of the credit time statutes. For example, another panel of this court recently rejected a defendant's claim that the trial court imposed an erroneous sentence where, as here, the court failed to follow the unambiguous dictate of Indiana Code Section 35–38–3–2(b)(4) and did not indicate on the abstract of judgment good time credit earned while awaiting sentencing under Indiana Code Section 35–50–6–3(a). *Hatchett v. State*, 794 N.E.2d 544, 546–47 (Ind.Ct.App.2003). The court in *Hatchett* concluded that, while a trial court should not "routinely disregard the requirements of Indiana Code Section 35–38–3–2(b)(4)," its failure to include the defendant's good time credit is "a ministerial omission that does not render Hatchett's sentence facially erroneous." *Id.* at 547. For the reasons set forth in this opinion, we disagree with the characterization of the trial court's failure to follow the judgment of conviction statute as a mere "ministerial" omission.[3]

■ Under the judgment of conviction statute, the trial court is charged with responsibility for determining whether the defendant is entitled to good time credit. Whether a defendant has earned good time credit at the local level is subject to the sound discretion of the trial court. But the trial court does not have discretion

---

**3.** Hatchett, like Crow, relied on our opinion in *Senn*. But in *Hatchett*, this court relegated discussion of *Senn* to a footnote and concluded that "it is evident that Senn's sentence was not facially erroneous, i.e., that it did not violate express statutory authority." *Hatchett*, 794 N.E.2d at 547, n. 8.

whether or not to make that determination at the time of sentencing.

Nevertheless, since our supreme court has granted transfer in *Robinson*, we anticipate that the court will further clarify the distinction between good time credit and credit for time served and which of those types of credit the trial court is required to calculate when it imposes sentence. In light of existing law, however, we must agree with Crow that our decision in *Senn* and the judgment of conviction statute governs the outcome here. We therefore hold that the trial court imposed an erroneous sentence when it imposed sentence without giving Crow 179 days of Class I good time credit, which he earned while in jail awaiting sentence under Indiana Code Section 35–50–6–3(a). Accordingly, we reverse and remand with instructions to the trial court to issue a corrected Abstract of Judgment to indicate the good time credit Crow has earned.

Reversed and remanded with instructions.

ROBB, J., concurs.

MATHIAS, J., dissents with separate opinion.

MATHIAS, Judge, dissenting.

I respectfully dissent.

The majority acknowledges that in *Robinson v. State*, 789 N.E.2d 965 (Ind.Ct. App.2003), *trans. granted*, this court held that the determination of good time credit is an administrative function and does not lie within the discretion of the trial courts. Although *Robinson's* holding has been vacated by our supreme court's grant of transfer, I maintain that its analysis is correct.

As we noted in *Robinson*, "it is evident that the deprivation or restoration of a person's credit time is a discretionary mat-ter entrusted not to the courts but to the administrators of the DOC" (footnote omitted). 789 N.E.2d at 967 (quoting *Campbell v. State*, 714 N.E.2d 678, 683–84 (Ind. Ct.App.1999)). Indiana Code section 11–11–5–3 expressly gives the DOC the authority "to deprive a prisoner of earned credit time under [Indiana Code section] 35–50–6–5(a) as a disciplinary action for violating the rules of the DOC or a penal facility." *Campbell*, 714 N.E.2d at 683. "Because pre-sentence jail time is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit." *Molden v. State*, 750 N.E.2d 448, 449 (Ind.Ct.App.2001).

Further, a prisoner must be accorded a hearing to determine his guilt or innocence and must be given procedural due process protections before a deprivation of credit time may occur. Ind.Code § 35–50–6–5(b) (1998). After a review of the procedural safeguards enumerated in Indiana Code section 35–50–6–4(c), our court observed in *Campbell* that the legislature intended that the DOC conduct that hearing. 714 N.E.2d at 683. *Campbell* held that the statutory scheme provided that the legislature intended that the grant or denial of credit time be the province of the DOC and not the trial court. *Id.* at 683–84.

In reaching its decision, the majority places significant emphasis on the distinction between pre-sentence and post-sentence credit time. Slip. op. at 323. However, the legislature's intention regarding credit time determinations is the same in the context of pre-sentence and post-sentence incarceration. Under Indiana Administrative Code, title 210, rule 3–1–17, each sheriff is required to establish rules for inmate conduct and may, as a disciplinary action for violation of such rules, reassign prisoners to a lower credit time class or deprive them of earned credit time pursuant to the same statutory scheme and

procedural safeguards. Further, Indiana code section 35–50–6–5.5 provides that "[a] person who has been reassigned to a lower credit time class or has been deprived of earned credit time may appeal the decision to the commissioner of the department of correction or the sheriff." Importantly, nothing in the statutes or administrative code section providing for the granting and denial of good time credit distinguishes between good time credit earned before sentencing and that earned after sentencing. *See* Ind.Code § 11–11–5; § 35–50–6–4 ("a person imprisoned for a crime **or** imprisoned awaiting trial or sentencing is initially assigned to Class I.") (emphasis added); § 35–50–6–5; § 35–50–6–5.5; Ind. Admin. Code tit. 210, r. 3–1–17.

Finally, as a matter of sound public policy, it makes sense for the DOC or sheriff to determine good time credit. As the majority notes, once a defendant has been committed to the DOC, the DOC is in the best position to handle the assignment and modification of credit classes. Slip op. at 323–324. Similarly, the DOC or local sheriff is in the best position to handle the determination of good time credit for pre-trial and pre-sentencing defendants. Instead of leaving this determination to the DOC or to the sheriff, either of whom already makes the rules for inmate conduct, enforces those rules, and provides hearings for the denial of credit time, the majority would have the trial court determine a defendant's good time credit "with assistance from the local sheriff." Slip op. at 323–324. I believe it would be more sensible to abandon any distinction between pre-sentencing and post-sentencing good time credit and leave the determination exclusively to the penal authority in charge of the defendant at the time in question, whether the sheriff or DOC.

The judgment of conviction statute does require a trial court to include in its judg-ment, among other things, the amount of credit, including credit time earned, for time spent in confinement before sentencing. Ind.Code § 35–38–3–2(b) (1998). Nonetheless, I would agree with the panel of this court that recently held that the trial court's failure to record a defendant's credit time earned or good time credit in its abstract of judgment does not render the defendant's sentence facially erroneous. *Hatchett v. State,* 794 N.E.2d 544, 547 (Ind.Ct.App.2003).

Until our supreme court clarifies the issues presented in *Robinson,* I believe that in light of the case law, statutes, and sound public policy considerations, the authority to grant or deny good time credit belongs to the DOC or sheriff, not to the trial court. For these reasons, I would affirm the trial court's denial of Crow's motion to correct erroneous sentence.