**Clifton J. JACKSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–0305–CR–194.

Court of Appeals of Indiana.

Dec. 4, 2003.

Clifton J. Jackson, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Clifton J. Jackson appeals the trial court's denial of his motion to correct erroneous sentence. On appeal, he raises one issue, which we restate as whether the trial court erred when it declined to modify its sentencing order to reflect Jackson should receive 1132 days of credit for good behavior (hereinafter "good time credit") in addition to 1132 days of credit for time spent incarcerated prior to sentencing. We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On February 14, 1998, the State charged Jackson with robbery, a Class B felony,[1] and two counts of attempted robbery as Class B felonies.[2] On March 2, 2001, Jackson pled guilty. On March 20, 2001, the trial court sentenced Jackson to three concurrent twenty-year sentences. The trial court's sentencing order provided Jackson was to receive 1132 days of credit for the time he spent incarcerated prior to sentencing.[3]

On April 3, 2003, Jackson filed a motion to correct erroneous sentence in which he argued the trial court erred by not giving him 1132 days of good time credit in addition to 1132 days credit for time served

1. Ind.Code § 35–42–5–1.

2. Ind.Code §§ 35–42–5–1, 35–41–5–1.

3. We note that the record before us does not contain a copy of the trial court's sentencing order. Nevertheless, as the State and the Appellant agree that he was incarcerated 1132 days prior to sentencing, we proceed as if that is the case.

prior to sentencing. The trial court denied Jackson's motion the same day.

## DISCUSSION AND DECISION

 A motion to correct erroneous sentence may be filed when a defendant's sentence is erroneous on its face. *Funk v. State*, 714 N.E.2d 746, 749 (Ind.Ct.App. 1999), *reh'g denied, trans. denied* 726 N.E.2d 312 (Ind.1999). Under Ind.Code § 35–38–1–15,[4] a trial court can correct a sentence if it is facially defective. A sentence is facially defective if it violated express statutory authority at the time the trial court imposed it. *Mitchell v. State*, 726 N.E.2d 1228, 1243 (Ind.2000), *reh'g denied*. When we review a ruling on such a motion, we review the trial court's factual findings for an abuse of discretion, and we review its legal conclusions *de novo*. *Id.*

Jackson claims his sentence violated Ind.Code §§ 35–50–6–4(a) and 3(a). Section 4(a) provides: "A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." Section 3(a) provides: "A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Accordingly, Jackson argues he was entitled as a matter of statutory right to 1132 days of good time credit, and pursuant to *Senn v. State*, 766 N.E.2d 1190 (Ind.Ct. App.2002), *reh'g denied*, the trial court was required to include these days in its sentencing order.

The State claims the legislature intended for the Department of Correction ("DOC") to determine whether a defendant is entitled to good time credit. To support its argument, the State cites *Robinson v. State*, 789 N.E.2d 965 (Ind.Ct.App.2003), *trans. granted*. In *Robinson*, another panel of this court held the trial court had no authority to grant or deny good time credit at the time of sentencing because statutes give the DOC the authority to deprive prisoners of credit time earned and provide that prisoners are entitled to a hearing before the credit time can be deprived. *Robinson*, 789 N.E.2d at 967 (citing Ind. Code § 11–11–5–3 and Ind.Code § 35–50– 6–5).

Conflict clearly exists among recent cases from this court deciding the question Jackson raises. *Compare Crow v. State*, 797 N.E.2d 319 (Ind.Ct.App.2003), *and Senn*, 766 N.E.2d 1190, *with Robinson*, 789 N.E.2d 965. We anticipate that our supreme court, with its impending decision in *Robinson*, will determine which of these results is correct. However, we must address Jackson's question and resolve his case as best we can in light of the existing authority.

In *Senn*, the appellant questioned whether the trial court was required to include good time credit in the sentencing order. *Senn*, 766 N.E.2d at 1194. To support his argument, Senn cited the same statutes Jackson has cited, Ind.Code §§ 35–50–6–4(a) and 35–50–6–3(a). We held that "[b]ecause pre[-]sentence jail time credit is a matter of statutory right, a trial court generally does not have discretion in awarding or denying such credit." *Id.* Rather, a defendant "is owed one (1) day of credit time for each day he was imprisoned." *Id.* at 1195.

---

4. Ind.Code § 35–38–1–15 provides:

 If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

In *Crow*, a defendant claimed the trial court was required to correct his sentence to include pre-sentence good time credit. We held:

Under the judgment of conviction statute, the trial court is charged with responsibility for determining whether the defendant is entitled to good time credit. Whether a defendant has earned good time credit at the local level is subject to the sound discretion of the trial court. But the trial court does not have discretion whether or not to make that determination at the time of sentencing.... We therefore hold that the trial court imposed an erroneous sentence when it imposed sentence without giving ... good time credit ... earned while in jail awaiting sentence under Ind.Code Section 35–50–6–3(a).

*Crow*, 797 N.E.2d at 324–25.

While so holding, we explained why the trial court, rather than the DOC, is in a better position to determine whether a defendant earned good time credit during pre-sentence incarceration. During pre-sentence incarceration, a defendant typically is housed at a local jail, not in the DOC. *Id.* at 323. Accordingly, the probation department's Pre–Sentence Investigation Report can be utilized to allow the local sheriff to inform the trial court if the defendant did not maintain the presumed Class I status. *Id.* at 324.

Moreover, we noted that the legislature had recently changed the credit time statutes. *Id.* The prior version of the good time credit statute gave the trial court authority to make recommendations only. *See* Ind.Code § 35–8–2.5–5 (repealed by Acts 1978, Pub.L. 2, Sec. 3555, Acts 1979, Pub.L. 120, Sec. 22). However, the credit time statutes currently in effect do not place any such restrictions on the trial court. *See* Ind.Code Ch. 35–50–6.

For these reasons, we follow the reasoning of *Senn* and *Crow* and hold the court was required to determine whether Jackson was entitled to good time credit. Accordingly, we reverse and remand for the trial court to determine the number of days of good time credit to which Jackson is entitled for his pre-sentence incarceration.

Reversed and remanded.

DARDEN, J., concurs.

BARNES, J., dissenting with separate opinion.

BARNES, Judge.

I respectfully dissent. The reasoning articulated by Judge Mathias in *Robinson*, and repeated in his dissent in *Crow*, persuades me that either the DOC or local sheriff of the facility where an inmate is detained, and not the trial court, ought to be the governmental entity that should control the calculation of earned credit time as is contemplated by Indiana Code Section 35–50–6–4. Our supreme court, as the majority acknowledges, will soon decide this question. I look forward to their definitive statement. In the meantime, we are faced with an increasing number of cases that pose the question Jackson asks here, and it is our responsibility to answer this query as best we can.

I acknowledge that the abstract of judgment that trial court judges are asked to fill in and complete contains a box that asks them to supply the DOC with the number of days that the defendant "was confined prior to sentencing." In the usual course of business, trial courts have made that mathematical calculation and, in the event there was no contrary evidence or information concerning a specific defendant's "bad behavior" pre-sentencing, the DOC routinely doubled these days as "good time" credit days earned.

It is my understanding that what has occurred recently is that in some limited instances, trial courts have calculated the days incarcerated, then doubled them for "good time" credit, before entering the days "confined prior to sentencing" on the abstract of judgment. The DOC has then doubled these days, resulting in *quadruple* "good time" pre-sentencing credit, presumably not a result contemplated by the legislature, trial courts, or any entity in the criminal justice system.

As Judge Mathias observed in his dissent in *Crow,* local sheriffs already have the statutory and administrative rule authority to deprive inmates housed in their jails of "good time" credit for violating rules of which the inmates have been given prior written notice, but only after a hearing for which due process is given, and inmates may appeal such calculations to the sheriff. These provisions parallel the DOC's authority to make "good time" credit calculations for its prisoners. *Compare* Ind. Admin. Code tit. 210, r. 3–1–17 *with* Ind.Code §§ 35–50–6–4, 35–50–6–5, and 35–50–6–5.5.

There are no similar provisions governing and circumscribing a trial court's decision to award or deny pre-sentencing "good time" credit; therefore, I agree with Judge Mathias that such determinations should be left "exclusively to the penal authority in charge of the defendant at the time in question, whether the sheriff or DOC." *Crow,* 797 N.E.2d at 325 (Mathias, J., dissenting). Despite possible occasional deficiencies in how the DOC or a local sheriff may calculate "good time" credit, uniformity, due process, and an apparatus in place to address these issues all favor such determinations being made by the DOC or local sheriff, not the trial court. Thus, it follows, as was held in *Hatchett v. State,* 794 N.E.2d 544, 546–47 (Ind.Ct.App. 2003), that a trial court's failure to include "good time" credit in an abstract of judgment does not render a sentence facially erroneous.

There are other obvious questions that need to be answered in this arena. Should the Post–Conviction Rules be modified to address what is an "erroneous sentence"? What recourse, if any, does an inmate have when he or she believes the DOC or local sheriff has illegally or improperly taken away "good time" credit and he or she has exhausted the administrative remedies for challenging such a decision? However, these are corollary issues that beg the immediate question. I am persuaded by *Hatchett, Robinson,* and the dissent in *Crow* that the sentence in this case was not facially erroneous. I would affirm the trial court's denial of the motion to correct erroneous sentence.