**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2014, 10:22 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ERIC D. SMITH**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  33A01-1402-MI-87 |
| | ) | |
| KEITH BUTTS, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1310-MI-109

**September 12, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Eric Smith appeals the trial court's denial of his Motion for Relief from Judgment and Petition for Reading of Decision.

On September 26, 2001, Smith was found guilty of arson and sentenced to twenty years. His conviction was affirmed on appeal. Smith v. State, Cause No. 49A04-0201-CR-31 (Ind. Ct. App. November 19, 2002). Since that time, Smith has filed several successive petitions for post-conviction relief. In 2007, Smith was ordered to seek leave from this Court before filing any further appeals arising from his arson conviction. Smith v. State, No. 49A04-0706-CR-325, order (Ind. Ct. App. Dec. 19, 2007). On October 23, 2013, Smith filed a Verified Petition for State Writ of Habeas Corpus, the denial of which is the subject of this appeal. In his petition, Smith argues that he has been denied two and a half years of educational time credits, which, if received, would free him from prison.

Smith argues that the trial court erred when it denied him relief because it classified his petition as an unapproved successive petition for post-conviction remedies. He maintains that, because his credit time would free him from prison, he properly filed a petition for habeas corpus. Smith is correct that a habeas corpus action may arise from the denial of educational credit time. Kindred v. State, 771 N.E.2d 760, 763 n.1 (Ind. Ct. App. 2002). Further, this appeal does not strictly arise out his arson conviction, as it concerns the way the Indiana Department of Correction (DOC) must give credit time; therefore, it may not have been barred by the December 2007 order requiring Smith to seek leave from this Court.

This Court has previously noted that Smith "has a penchant for dressing old arguments in new clothes, and then pressing them forward again." Smith v. State, No. 49A04-0706-CR-325, order (Ind. Ct. App. Dec. 19, 2007); see Parks v. Madison County, 783 N.E.2d 711, 722 (Ind. Ct. App. 2002). This case is no exception. On December 27, 2012, a panel of this Court handed down a memorandum decision addressing Smith's allegation that someone had altered his records to make it appear that he had not earned educational credit time. Finding that Smith had failed to show that he had exhausted his administrative resources, we determined that the issues raised in Smith's appeal were frivolous, repetitive, or clearly defaulted. Smith v. State, 980 N.E.2d 447 (Ind. Ct. App. 2012).

Now Smith, in the guise of a new habeas corpus appeal, argues substantially the same issues we determined in December 2012. He argues that he should have received educational credits, and that he is being wrongly denied educational time. He provides some new documents that show he has submitted some type of complaint to the grievance coordinator at the DOC. Appellant's App. p. 31. Also attached is a "petition for restoration of time," which shows that Smith did petition for restoration of his credit time, but was denied by the DOC because his petition was premature; the document is dated May 6, 2013. Id. at 41. As Smith does not show that he took any further action and does not, in the first place, show us what the relevant DOC administrative grievance procedures are, we cannot find that he has exhausted them at all levels. See Young v. State, 888 N.E.2d 1255, 1257 (Ind. Ct. App. 2008) (holding that an inmate seeking

3

educational credit time from a court "must show in the first place what the relevant DOC administrative grievance procedures are, and then that he has exhausted them at all levels"). We may affirm the trial court on any theory supported by the record, Amaya v. Brater, 981 N.E.2d 1235, 1239 (Ind. Ct. App. 2013), and we find that the case was correctly dismissed, as Smith has not shown that he has exhausted all administrative procedures.

Dismissed. Order to follow.

KIRSCH, J., and ROBB, J., concur.